## LAMKIN, ET ALS. v. REESE, ET ALS.

1. Where one purchases land at a sale made by order of the Orphans' Court, and goes into possession, and remains in possession for two years, exercising ownership over it by cultivation, and clearing the timbered land, &c.,—he cannot rescind the contract, although the Orphans' Court had no jurisdiction to direct the sale, unless the heirs are unable or unwilling to make a good title to the land.

2. Where a mistake has been made in the decree of the Orphans' Court, as to the description of the land intended to be sold, which mistake is continued in the advertisement of the commissioners, the contract cannot be rescinded for that cause, if the purchaser was not deceived thereby, but got the land he intended to purchase, and the Court and the commissioners intended to sell. Nor will a bill in Chancery be entertained to correct the mistake, unless upon application to those having the power to rectify it, they refuse to do so.

Error to the Chancery Court of Lowndes County.

The bill was filed by the plaintiffs in error, and alledges that Edward Lassiter died seized and possessed, among other lands of the N. W. quarter of Section 21, T. 15, R. 14, and that Geo. M. Reese, was administrator on his estate. That James Taylor, in right of his wife, who was a daughter of Lassiter, presented to the Orphans' Court a petition for the sale of the lands for the purpose of distribution, upon the ground that a sale would be more advantageous to the heirs than a division—in which petition the lands are correctly described.

That in the order of the Orphans' Court directing a sale, and in the advertisement of the commissioners, the lands are correctly described, except that the land in section 21, is described as being in section 20—that the lands sold by the petitioners were the same as described in the petition.

That the complainant Lamkin purchased the lands at the sale, and gave his notes with security, for the purchase money, and after occupying the same for about two years abandoned the possession, and gave notice to the administrator that he rescinded the contract on account of the irregularties in the County Court, and demanded his notes, upon which the administrator has brought suit. The prayer of the bill is for a rescission of the contract, and for an injunction to the action at law.

The commissioners in their answer admit the allegations of the bill, but say that under the order of sale they sold all the real estate of the deceased, a part of which was the N. W. quarter of section 21—that the sale took place on the premises —that Lamkin was present, saw the order of sale, and knew that all the real estate of Lassiter was then sold—that the Orphan's Court directed them to execute a deed for the land, and to deliver the notes to the administrator. That they informed Lamkin that they were ready and willing to execute a deed

for the land, and afterwards tendered him one, in which the lands were truly described.

The administrator answers to the same effect, and insists that the misdescription of the land in the order was a mere clerical mistake. That Lamkin has greatly injured the lands, and has executed a mortgage thereon to the Bank, to secure the payment of a large debt. That the heirs of Lassiter are willing to join in a conveyance to Lamkin, and that he is able and willing to secure and indemnify him for a fee simple title. That when he was about making a final settlement of his administration, and dividing the notes among the distributees, he advanced his own money and retained these notes at Lamkin's request, who said they were as good as cash.

The answers conclude with a demurrer to the bill.

The heirs of Lassiter who were not made parties to the bill, filed a cross bill to obtain a discovery in the support of the defence, and to have the mistake in the misdescription of the land amended.

Testimony was taken on both sides.

At the hearing the Chancellor dismissed the cross bill, with the assent of the complainant, and dismissed the bill of the complainant, with costs, which is now assigned as error.

ELMORE and COOK, for the plaintiff in error insisted, that the the sale was absolutely void, for want of jurisdiction in the Orphans' Court. That the Orphans' Court can acquire jurisdiction in no other way than by petition in the mode pointed out by the statute, and that the petition under which the land was sold in this case is not authorized by either of the statutes empowering the Orphans' Court to sell the land of a deceased. That as the Court did not obtain jurisdiction, the title is still in the heirs, and although they may on arriving at age ratify the the sale, the complainant is not bound to wait that result, or incur that risk. [9th Porter, 675; 4 Ala. Rep. 21.]

They also cited 1 Ala. Rep. 273, 709; 3 S. & P. 367; 2 Ala. Rep. 712, 113, 636; 3 Id. 406.

R. SAFFOLD and BOLLING, contra—maintained that the Court had jurisdiction—that the fact that the petition was filed by one of the heirs and not by the administrator, who was also a party to the proceeding, was at most a mere irregularity, and

could not be taken advantage of collaterally. [6th Porter, 219, 262; 1 Ala. Rep. 732.]

If the bill be true, the complainants had a full and adequate remedy at law.

The bill is defective because the heirs are not parties. To rescind a contract the parties must be put in *statu quo*. That cannot be done in this case because of the injury to the land, and also because of the mortgage, which complainant has given upon it. [4th Porter, 384; 3 Am. Com. Law, 405; 1 Story's Eq. 254; 2 Peere Williams, 619; 2 Bibb, 52.]

ORMOND, J.—The argument of the counsel for the plain-tiff in error, has been mainly directed to establish the position that the decree of the Orphans' Court for the sale of the land, which the complainant purchased was absolutely void. That for the cause assigned for the sale of the land in the petition to the Orphans' Court, the personal representative of the deceased, should have been the actor, and not as in this case one of the heirs. We shall decline the examination of this question, because, conceding the argument to be true, the bill is fatally defective.

The entire purpose of the bill is to rescind a contract for the purchase of a tract of land, at a sale made by commissioners appointed by the Court. Notes were executed for the purchase money, and possession of the land taken and kept by the complainant for upwards of two years; during which time he exercised ownership over it by clearing a considerable portion of the timbered land, and it was not until after the lapse of more than two years, and suit brought for the purchase money, that this bill is filed for a rescission of the contract.

If it be true, as supposed, that from want of jurisdiction in the Orphans' Court, the title of the heirs was not divested by the sale, it by no means follows, that the complainant may at his pleasure rescind the contract. He has sustained no injury, if he can now obtain the title, whilst on the other hand, the injury to the heirs may be irreparable, if the contract can thus be arbitrarily rescinded by one of the parties to it. Nor is it an unimportant element in the consideration of this question, that this was a judicial sale; that the authority of the commissioners to sell was matter of record, and that the complainant, in

the absence of fraud, which is not alledged, must be presumed to have knowledge of the facts; and if, in truth, as alledged in the bill, he was ignorant of the irregularities in the proceedings of the Orphans' Court, it will not avail, as it was his duty to inform himself before he purchased. Whatever, therefore, may have been his right to a rescission of the contract upon this ground, if a seasonable application had been made for that purpose, no such right exists, after such a lapse of time, and where the interests of the heirs might be so materially affected thereby, unless the heirs were unable or unwilling to make title. As already observed, the object of the bill is not for a rescission of the contract if the title is not made, but in this aspect of the case, it is framed upon the supposition, that although the heirs may now be able and willing to make the title, that the complainant may at this distant period abandon the possession and rescind the contract.

The heirs are not made parties to the bill, but it appears from the record that they filed a cross bill, in which they offered to affirm the contract and convey the title. This bill the Chancellor, with the consent of the complainant, dismissed, upon the ground that as the heirs were not parties to the original bill, they could not file a cross bill.

It is also alledged in the bill, that although the lands of the deceased were correctly described in the petition to the County Court, that in the decree of the County Court for the sale thereof, and in the advertisement of the commissioners, it was incorrectly described—a part thereof being described as being in section *twenty*, instead of section *twenty-one*. It is admitted in the bill that Lassiter, the deceased, died *seized* of the lands as described in the petition. The sale, it appears, was in fact made upon the tract lying in section twenty-one—-that no one was deceived by the mistake in the decree of the Court, and in the advertisement of the commissioners. That they supposed they were selling, and the complainant supposed he was purchasing, the land lying in section twenty-one, which was the land designed to be sold, and of which it appears he went into possession.

The fact that there was a mistake made in describing the lands intended to be sold, does not of itself give a Court of Chancery jurisdiction to correct the misdescription of the lands,

if that was the object of the bill. Before a Court of Chancery will entertain a bill for that purpose, it must be shown that application has been made to the opposite party to rectify the mistake, and that he refused to do so. This was explicitly declared in Long & Long v. Brown, 4 Ala. Rep. 622.

Nor is it any ground for rescinding a contract for the sale of land, that it is not correctly described in the contract, the vendee having obtained possession of the land he intended to purchase, and the vendor being able and willing to correct the mistake, and make a title to the property. [Evans v. Bolling, 5 Ala. Rep. 550.]

It is quite obvious from the frame of the bill, and all the facts of the case, that the object of the bill is not to quiet the title, but to get rid of the contract. This was the view taken by the Chancellor, and we fully agree with him in opinion, that he is not entitled to the aid of Chancery to rescind the contract. The decree is therefore affirmed with costs.