## ALDERSON v. HARRIS & MERRILL.

1. It is no ground for the rescission of a contract for the sale of land, that one who sold the land as agent, had no authority to act, if the principal ratifies his act, and is able, and willing to make title.
2. Where one falsely, and fraudulently, represents himself as an agent, authorized to sell land, and gives his own bond to make title, the purchaser cannot be compelled to pay the purchase money, unless he obtains the title, the more especially if the agent is insolvent.
3. Objections for want of proper parties, must be taken advantage of before the hearing.

Error to the Chancery Court at Tallapoosa.

THE bill was filed by the plaintiff in error, for the rescission of a contract, for the purchase of a tract of land. He charges, that on the 21st December, 1841, he purchased a tract of land (which is described) from Lemuel Merrill, who represented himself to be the properly authorized agent of the firm of Watson & Co., who it was represented by Merrill, and one Peter C. Harris, were the owners of the land, and in whose names the patent had issued. The company

was composed of James C. Watson, Edward Hanrick, Peter C. Harris, William Walker, and John Peabody. The purchase money was $2,000, and for its payment three notes were executed, one for $625, payable to P C. Harris, on the 15th January, 1842, and two others, payable to D. McDougald, on the first January, 1843-4, each for the sum of $687.50, and at the same time, a bond was executed by P. C. Harris, for James C. Watson & Co., with condition "to make a good title" to the land, upon the payment of the notes aforesaid, which was delivered by Merrill to complainant, and was attested by him, but that the bond was written, and signed by Merrill.

Complainant took possession of the land and improved it, to the value of $1,000. That in the fall of 1843, ascertaining that the patent for the land he had purchased, had issued in the name of James C. Watson, in trust for the other members of the company, he called on Merrill for his authority to make the sale, who admitted that he had no written authority, but that his authority to sell was oral merely; and Watson being dead, complainant demanded his notes of Merrill, and offered to deliver possession of the land, and rescind the contract, which Merrill refused, and also sought for Harris to make the same offer, but could not find him. At the time of the offer to rescind, he offered Merrill to pay the whole purchase money at two hours' notice, if a good title could be made, but that Merrill admitted he could not make title.

That complainant has been greatly injured by the failure to make title, as the land has greatly decreased in value, being worth not more than the purchase money, with all the improvements. That neither Harris, or Merrill, were properly authorized to sell the land, and falsely represented themselves to be so, for the purpose of defrauding complainant. That Harris is insolvent, and Watson, Peabody and Walker, dead, and a great many persons interested in the land besides Watson & Co. That judgment has been recovered on the first note, and suit instituted on the other two. The prayer of the bill is for an injunction, for a rescission of the contract, and for general relief.

Merrill, in his answer, admits the contract as stated in the bill—admits that he signed the bond for titles, which he says

was done at the request of Harris, and as he believes, with the knowledge and consent of complainant. Insists that he was the authorized agent to sell the land, but admits his authority was not in writing, but that his sales were recognized by the company, and that each member of the company, in like manner was authorized to sell. That complainant did not demand to know, whether his authority was in writing, until some two years after the contract was made. Admits the offer to rescind, but that he had not the notes to deliver up; states that since the death of Walker, Hanrick has, by a decree of the chancery court of Montgomery, been declared a trustee for the company, and invested with full authority to make titles to the land, and has long since confirmed the sale to complainant. That the patent for the land was in his possession when he made the sale, and has been ever since, and he now exhibits it. That in virtue of the authority vested in Hanrick, by the chancery court, at the instance of the surviving members of the land company he has executed a deed to complainant for the land, which has been delivered to respondent as an escrow, to be given up to complainant on the payment of the purchase money of the land, which deed is appended as an exhibit to the answer, with an offer to deliver it, on payment of the price of the land. He denies all fraud, and insists that he has acted throughout in good faith.

The answer of Harris is in substance the same. The other parties to the bill, McDougald, Halford and Shorter, are alledged to be non-residents.

The chancellor dismissed the bill for want of equity. This is now assigned as error.

G. W. GUNN, for the plaintiff in error, made the following points :

1. Where one is induced to purchase lands, by the fraudulent representations of the vendor, by which an injury will accrue to the vendee ; he having no means of ascertaining by the exercise of ordinary diligence, the truth of the matter, the contract will be rescinded. [Younge v. Harris, 2 Ala. R. 108 ; Camp v. Camp, Id. 632 ; Harris, et al. v. Carter's Adm'r, 3 S. 233 ; Spence v. Dunn, et al. 3 Ala. R. 251 ; Bullock v. Beemis, 1 A. K. Marsh. 434 ; Woodson, Adm'r, v.

Scott, 1 Dana, 470 ; McCallister v. Barry, 2 Hay, 290 ; Densler v. Morris, 2 Edw. 37.]

2. More particularly where the only party liable upon the contract to convey, is insolvent, and has no title, at the time the vendee is entitled to conveyance. [Waggoner v. Waggoner, 3 Mon. 556 ; Williams v. Potts, 1 A. K. Marsh. 596 ; Webb v. Conn, 1 Litt. 84 ; Smith v. Peters, 1 S. & P. 107.]

3. Especially where the purchase was evidenced by the confidence in the ability, honesty, and integrity of the party making the sale. [Kennedy v. Kennedy, 2 Ala. 572.]

4. A want of title alone in the vendor, or party to the bond in the absence of fraudulent representations, before the acceptance of a conveyance, justifies the rescission of the contract, the vendee having a right to put an end to the same. [Miller v. Long, 3 A. K. Marsh. 334 ; Craddock v. Seiley, Ib. 288 ; Barkhamsted v. Case, 5 Cowen, 528 ; Morrison v. Caldwell, 5 Monr. 439 ; Rawlins v. Timberlake, 6 Ib. 230 ; Densler v. Morris, 2 Edw. 37.]

5. The title to the land being in the heirs at law of Watson and others, neither Merrill or Harris could make a valid sale, or control the title, otherwise than by a decree of a court of competent jurisdiction, upon a proper case made— the contract in this instance, conferred no such right upon complainant, and is therefore wanting in one of the necessary ingredients to the existence of a valid contract, and as such should be rescinded. [Allen v. Roberts, 2 Bibb, 98 ; Clay's Dig. 169, § 6.]

6. Where lands are sold by one professing to be an authorized agent, who makes false representations as to agency and titles, until affirmance by the alledged principal, an offer to rescind the same on the ground of fraud may be properly made to such agent, or party to such fraud. [Newell v. Turner, 9 P. 420.]

7. And upon an appeal to chancery for the rescission of such fraudulent contract, the heir, and other persons alledged to have an interest in the lands, are not necessary parties to a bill. [Baker v. Rowan, 2 S. & P. 361 ; Marr's Ex'r v. Southwick, et al. 2 Porter, 351 ; Bumpass, et al. v. Webb. 4 Porter, 65.]

8. Especially where the legal title was in a different person, at and before the sale.

9. If other persons were proper parties, defendants, the bill should not for this cause have been dismissed—such defect being amendable at any time—the court having the power upon such discovery, to decline hearing the cause until all necessary parties were brought before it. [Gayle, et al. v. Singleton, 1 Stew. 566 ; Milligan v. Milledge, 3 Cranch, 220.]

10. Where a purchase was produced by fraudulent representations, and there is a clear want of title and ability to convey on the behalf of the only party legally liable, and he is insolvent, no tender of money is necessary, in order to give the court jurisdiction—an offer to rescind, and place the parties in *statu qno*, being sufficient. [Gorman v. Bibb, 4 Porter, 84; Duncan v. Jeter, 5 Ala. 609.]

CHILTON and McLESTER, contra.

1. The issuance of the patent to Watson, in trust for Watson & Co., was in equity and law issuing it to the company.

2. An act by an agent not having a regular power, but whose acts were acknowledged and acquiesced in by his principal will bind the latter. [Weist v. Yode, 4 Bibb, 530.]

3. One partner cannot bind the others under seal without an express authority to do so—but such authority may be by parol. [See Skinner v. Dayton, 19 Johns. 513 ; 2 Johns. Ch. R. 526 ; 13 Johns. R. 307; Fisher v. Tucker, 1 McC. Ch. R. 170.]

4. Harris ratified the bond by taking the renewed note, as shown by the bill, after the bond was made.

5. A contract made under verbal authority to an agent, if it be evidenced by an instrument under seal, is binding on the principal, as a parol written contract, not subject to the plea of the statute of frauds.

6. The complainant shows no sufficient reason for going behind the bond—he received the bond personally, it was made and delivered to him at the time of the contract, with a perfect knowledge on his part of its contents, and he did not inquire whether the authority of M. or H. was in writing—

nor does he pretend that either of them represented that they were authorized by writing to sell the land.

7. This court will presume a ratification of the contract by Watson & Co. from long acquiesence—the complainant being in possession of the land undisturbed.

8. The value of the land at the forfeiture of the bond, is the measure of the damages, and the decrease in value after the sale, and before title required, gives no right to rescind the contract.

9. If Watson & Co. and J. C. Watson, are strangers to the contract, (as charged, but not stated in the bill,) then the notes given for the land are void for fraud, and the complainant's remedy is at law, and not in equity. [Knotts v. Tarver, 8 Ala. Rep.

10. One who negligently, recklessly, or knowingly, or even ignorantly, purchases from an agent, who acts under defective authority, cannot rescind the contract without the consent of the vendor, or his refusal or inability to execute it—hence the vendor is an indispensable party to the bill.

11. The death of the vendor is no cause of rescision of the contract. The bill does not show when Watson, Walker or Peabody died. But complainant could have been ready, and would have paid the purchase money in January, 1844—in the event he could have procured titles—and would have made tender and demanded title but for the information received from Merrill, that he could not make titles, and there was no one who could.

12. To entitle the vendor to a rescision of the contract, the tender of the money and demand of title must be made, and must be made at or after the day stipulated in the contract for making the title. [Reid v. Davis, 4 Ala. Rep. 83; Wade v. Killough, 5 Stew. & P. 450; Steel v. Kinkle & Lehr, 3 Ala. Rep. 352; Clements v. Loggins, 2 Ala. Rep. 514.] Nor is it any objection that the title is not in the vendor anterior to the day at which it was to be made. [Clement v. Loggins, above cited.]

13. An offer to pay on two hours notice is no tender. [Seymore v. Bennett, 14 Mass. 266-7-8-9.]

14. Equity will not entertain a bill to rescind a contract

74

where there is a want of common and ordinary diligence. [Steele v. Kinkle & Lehr, 3 Ala. Rep. 352.] Nor impute fraud where the facts and circumstances out of which it must arise, may consist with pure intentions. [Ib.] The law is made for the vigilant and not for the sleeping.

15. The bill was properly dismissed for want of proper parties shown on its face. Complainant should have asked leave to amend if he desired it. [Singleton v. Gayle, 8 Por. 272.]

16. The bill should have been filed in Macon county, where the judgment enjoined was rendered, and where the resident defendants reside. [Shrader v. Walker, adm'r, 8 Ala. Rep. 244.]

ORMOND, J.—In our judgment, the chancellor erred in dismissing the bill for want of equity. The case made by the bill, is the sale of a tract of land, by one representing himself as fully authorized to sell, and by his bond for title in behalf of his principals, to enable the vendee to obtain a good title, on the payment of the purchase money, when in fact he had no written authority to sell, and therefore could not bind those for whom he professed to act.

It is true, that if the persons for whom the agent acted, confirms the sale made by him, it is binding on the complainant. He cannot complain in that event, as he gets all he stipulates for, and cannot found a right to a rescission of the contract, upon his own *laches* in not ascertaining the character, or extent, of the authority of the agent. [Lamkin v. Reese, 7 Ala. 170.]

If the *gravamen* of the bill, was the want of a written authority on the part of the agent, we should be strongly inclined to think, that an offer to rescind, made to the agent, would we insufficient, but that to entitle the vendee to a rescission, he should apply to the owner of the land, either to ratify, or reject the acts of the pretended agent. This seems to follow necessarily, from the admitted principle, that a ratification of, or acquiescence in the act of one, professing to act as agent, will be an admission of his authority to act. But here the allegation is, that the agent falsely, and fraudulently represented himself, to be the properly authorized agent of Watson

& 'Co., with full power to sell the land, and that a purchaser from him, would have a right to demand the legal title. These false representations, it is alledged, were made for the purpose of deceiving him, and getting his money without an equivalent. This is not the allegation of a mere defective authority, but is in truth an allegation, that no authority whatever, perfect, or imperfect, existed, but was assumed for the purpose of defrauding the vendee. Surely, conceding this to be true, as the motion to dismiss for want of equity does, the purchaser should not be compelled to pay his money, unless he obtains the title; the more especially as the obligor in the bond for title, is alledged to be insolvent.

It has been already stated, that ordinarily, the vendee in such a case, to entitle himself to relief, would be required to apply to the owner of the land, in whose name the agent professed to act, either to ratify, or disaffirm his acts. But here it appears, three of the persons, who are either legally, or equitably interested in the title to this land, have died since the sale was made, and the title descended to their heirs. This would of itself be sufficient, to dispense with such an allegation, and authorize a resort to chancery for the purpose of quieting the title.

It is doubtless true, that those for whom the agent professed to act, are necessary parties to such a bill as this, but this objection, if not taken advantage of before the hearing, would not authorize the dismissal of the bill for this cause.

The decision of the court, excludes the answers from our consideration. From them it appears, that the agent acted in good faith, upon a parol authority, and the sale has been since confirmed, and a title tendered upon the payment of the purchase money. This, however, in the present aspect of the case, cannot be considered. The decree must be reversed, and the cause remanded, for further proceedings.