PEARSON ET AL. vs. DARRINGTON, ADM'R, &c.

1. Courts of Chancery exercise jurisdiction concurrently with all other courts having cognizance over the subject of legacies, and this, whether the executor has assented to such legacies or not.

2. Where specific legacies are bequeathed, a court of equity will, at the instance of the legatees, take jurisdiction to compel the executor to discover and account for unadministered assets, which have come or should have come to his hands, and appropriate them to the payment of the testator's debts, so as to save the property specifically bequeathed from being sold for that purpose; and the pendency of a settlement in the Orphans' Court cannot in such case divest the jurisdiction.

3. Where the chancellor dismisses a bill for want of equity, this court, on writ of error brought to reverse his decree, cannot look to the answer for the purpose of determining whether an injunction granted in the case should have been dissolved.

ERROR to the Chancery Court of Clarke.    Tried before the Hon. W. W. Mason.

THE facts sufficiently appear in the opinion of the court.

T. & J. WILLIAMS, for the plaintiffs in error:

1. The power given to County Courts over the estates of deceased persons does not divest chancery of jurisdiction, particularly where a matter peculiar to chancery jurisdiction is involved.—Gayle et al. v. Singleton, 1 Stew. 566, and see Cherry & Bell v. Belcher, 5 S. & Port. 133 ; Leavins v. Butler & Wife, 8 Port. 381; Hunley et al. v. Hunley, 15 Ala. 91.

2. Although the Orphans' Court may have taken jurisdiction of the settlement of an estate, yet if there are assets in the hands of an administrator not administered, and the settlement in the Orphans' Court, though it purports to be final, remains to be completed as to various sums left in the hands of the administrator, chancery may take jurisdiction.—Dement et al. v. The Adm'rs of Boggess, 13 Ala. 140.

3. Where a trust, technically so called, is to be executed, the Orphans' Court has no jurisdiction, and resort must be had to chancery.—Elliott v. Mayfield & Wife, 3 Ala. 223 ; Calhoun v. King et al., 5 ib. 524.

4. It is only where the remedy is unembarrassed that complainant has no ground for going into chancery.—Standafer & Standafer v. McWhorter, 1 Stew. 532 ; Cararaway v. Wallace et al., 2 Ala. 542.

5. The injunction should not have been dissolved.

F. S. BLOUNT, for the defendant:

1. The parties complainant having applied to the proper tribunal for a settlement of the accounts of the administrator, are bound by the acts of that court, within its jurisdiction, and cannot without " a matter peculiar to chancery is involved," and of which the Orphans' Court has no jurisdiction, divest that court of its right to proceed and settle the estate.—Gayle et al. v. Singleton, 1 Stew. 566; Dement v. Boggess, 13 Ala. 140.

2. There is no pretence, nor do the facts set out in the original and supplemental bills show that the Orphans' Court was incompetent to proceed to a settlement of the estate, and having first obtained it, it had the right to conclude it.—Leavins v. Butler, 8 Port. 381 ; King v. Smith, 15 Ala. 264; Scott v. Abercrombie, 14 Ala. 270.

3. That the injunction must be dissolved where the equities of

the complainant's bill are denied by the answer—See Reid v. Gifford, 1 Hopkin's 416; Gibson v. Tilton, 1 Blan. 355; Daniel's Chancery Practice, 3 vol. p. 1831, and note 1, where all the cases are collected.

CHILTON, J.—This bill was filed to recover certain legacies, bequeathed to Maria Pearson, wife of Jacob Pearson, by the will of her father William Matherson, and for an account against John Darrington, the administrator with the will annexed of said testator; also, to enjoin the administrator from selling certain slaves belonging to said estate, upon the ground that it is unnecessary, as upon an accurate accounting, it is insisted, he has in his hands, or should be charged with, an amount sufficient to pay the debts, and leave him largely indebted to the estate.

The bill further charges that the complainants have made various attempts to bring the administrator to a settlement of his accounts, but have failed to do so; that he treats the citation of the Orphans' Court with disregard; that at one time he was at the North, when required to attend, at another time he was in Texas, and when he did appear, he continued the matter, and withdrew the account he had filed, and claimed longer time to make out his accounts; that these applications by the complainants commenced in 1846, and the last act, being the withdrawal of the account, took place in February or March 1847; that the complainants finding all efforts to settle and arrange the matters of account, as they should be in the Orphans' Court, have failed, and despairing of doing so out of court, have complained in chancery, &c. The bill further charges a waste of the estate, in consequence of the mismanagement of a mill belonging to the testator, and by a failure of the administrator properly to defend a suit instituted against said estate, whereby the proceeds of sixty-three bales of cotton, which had been paid on the demand in the life-time of the testator, were lost to said estate.

By the fifth item of the will, the testator requires his executors to keep his estate together, and to work the slaves on the lands which he may have in cultivation at the time of his death, until the 21st day of March 1842, at which time the executors are required to divide his personal property into four equal parts, one fourth of which is bequeathed to Maria Matherson, his

daughter, now the wife of Jacob Pearson, and who attained the age of twenty-one years, on said 21st March, 1842. A negro girl, named Phillis, is also specifically bequeathed to Mariah, the complainant, to be possessed by her upon the death of the testator. The executors are also required to pay ten thousand dollars to each of his three daughters, out of the proceeds arising from the service and labor of the slaves—one thousand dollars payable each year, for ten years, commencing as to the complainant, on the 21st March, 1842.

We deem it unnecessary to detail more of the facts of the bill, as the chancellor dismissed it for want of jurisdiction, and we have already stated enough to show that the decree cannot be supported.

By the common law, no suit could be maintained to recover a legacy, whether pecuniary or specific, unless the executor assented thereto. In such case the remedy was exclusively in the ecclesiastical courts, or in the courts of equity, but the latter courts uniformly exercise a concurrent jurisdiction with all other courts having cognizance over the subject of legacies, and this, whether the executor has assented to the legacy or not.— 1 Story's Eq. Juris. §§ 591-2-3. The case made by the bill before us, the facts of which bill, for the purpose of a motion to dismiss for want of equity, must be considered as admitted, brings it very clearly within that numerous class of cases, where the aid of a court of chancery is invoked to enforce the execution of trusts devolved by the will upon the executor, and to the proper enforcement and execution of which, it is indispensable to have a discovery, and to take an account. Argument is wholly unnecessary to sustain the jurisdiction of the court in the case before us, considered in the view we have just taken of it.

Neither the statute giving a common law remedy to recover legacies in certain cases, nor the various statutes which establish and prescribe the powers and duties of the Orphans' Courts, deprive the court of chancery of jurisdiction in cases like the present.—1 Story's Eq. Juris. § 80.

The cases of Leavins v. Butler & Wife, 8 Port. 381 ; Cherry & Bell v. Belcher, 5 S. & Port. 133 ; Blakey, adm'r, v. The Heirs of Blakey, 9 Ala. 391 ; Dement et al. v. The Adm'rs of Boggess, 13 ib. 140; Hunley et al. v. Hunley, 15 ib. 91, and Horton, adm'r, v. Moseley, adm'r, 17 ib. 794, fully sustain the

jurisdiction of the court. In the case last cited, we held that a court of equity may restrain the Orphans' Court from proceeding in the final settlement of an estate, where matters of purely equitable cognizance are to be adjudicated, or where a discovery was necessary to the proper settlement of the estate, and which the Orphans' Court could not enforce. It is true that where two courts have concurrent jurisdiction, that which first obtains jurisdiction of the cause retains it to the exclusion of all others, but that is not the case before us. The bill in this case does not show that the Orphans' Court is proceeding in the matter of this estate to final settlement. Application was made to bring the administrator to settlement, and his account was filed, but this was afterwards withdrawn, and it does not appear that any further steps have been taken in regard to it. Be this, however, as it may, it is very clear that the numerous and complicated matters of account involved in the settlement, and upon which a discovery is sought, render it altogether proper that the court of chancery should lend its aid,—should take the account, and enforce the due execution of the trust assumed by the administrator with the will annexed.

In respect to the injunction, we have not looked into the answer to determine whether or not that should have been dissolved. The decree of the chancellor dismisses the bill for want of equity, and that decree is brought before us by a writ of error, and is in our opinion clearly erroneous, and must be reversed ; but we can make no order as predicated upon the answer, for as was said in Alderson. v. Harris & Merrill, 12 Ala. 587, "the decision of the court excludes the answer from our consideration." Let the decree be reversed and the cause remanded for further proceedings.