## McMAKEN et als. vs. McMAKEN.

1. The general rule is, that the defect in a bill of the want of proper parties defendant should be taken advantage of by plea or demurrer, or be insisted upon in the answer, and if the objection be not taken in one of these modes, it is considered as waived, and the court, unless the absent defendant be an indispensable party, may proceed to a final decree.

2. But the omission of one, who is an indispensable party to the bill, is a defect that will reverse the decree on appeal or writ of error, although the objection is taken for the first time in this court.

3. To a bill filed to set aside a will, all the legatees are indispensable parties.

Error to the Chancery Court of Fayette. Tried before the Hon. W. W. Mason.

J. L. Martin, for the plaintiffs in error.

Cooper, for the defendant.

DARGAN, C. J.—This bill was filed by the defendant in error against Robert S. McMaken, Maria Hughes, Andrew McMaken, Nathaniel L. McMaken, and James Dyson & Wife,

for the purpose of setting aside the nuncupative will of Nathaniel McMaken, deceased, which had been admitted to probate in the County Court of Franklin. It alleges than Nathaniel McMaken died leaving three children, the complainant, Nathaniel L. McMaken, and Mary Ann, the wife of James Dyson. The bill also sets out the supposed will, from which it appears, that the testator bequeathed to his nephew, Robert S. McMaken, two thousand dollars; to Maria Hughes, two thousand dollars; to Andrew McMaken, two thousand dollars; and to Theophilus Skinner, five hundred dollars, but made no provision for his children, who were his distributees and heirs at law. Upon the hearing of the cause the chancellor decreed that the will and the probate thereof be set aside and annulled. From this decree, a writ of error is prosecuted to this court, and the first objection made to it is, that Skinner should have been made a party defendant to the bill. To this, it is answered, that the objection was not made either by plea, answer, or demurrer, and that it cannot be successfully made for the first time in this court.

The general rule is, that a defect in a bill for the want of proper parties, should be taken advantage of, either by plea or demurrer, or be insisted upon in the answer—(Story Eq. Pl., § 541; 1 Daniel's Ch. Prac. 334;) and if the objection be not taken in one of these modes, it is considered as waived, and the court may proceed to a final decree, if the absent defendant be not an indispensable party to the bill. Judge Story says, that when the parties, who are omitted, are mere formal parties, if the objection has not been taken by plea or demurrer, the court will not be disposed to listen to the objection at the hearing, and if it can properly do so, will dispose of the cause upon the merits, without requiring such formal parties to be made.— Story Eq. Pl., § 542.

But we consider the rule as well settled in this State, that the omission of one, who is an indispensable party to a bill, is a defect that will reverse the decree on a writ of error, although the objection be taken for the first time in this court. In the case of Batre v. Auze's Heirs, 5 Ala. 173, this court held the rule to be that the omission of an indispensable party was such a defect that the decree would be reversed on a writ of error or appeal. In Goodman v. Benham, 16 Ala. 625, it is said that it is not indispensable to the action of the court that the want of

parties should be presented by a demurrer, but that the court may *ex mero motu*, even at the hearing, take the objection and order the cause to stand over, giving leave to amend, or may dismiss the bill without prejudice. In the case of Woodward v. Wood, decided at the present Term, we held that the omission to make one a party, whose interest was liable to be affected by the decree, was an error that would reverse the decree, although the objection was taken for the first time in this court. Judge Story says, that in many cases, and especially if the defect is fatal to the character of the bill, or to the relief sought, the objection may be taken at the hearing, and if the court should proceed to a final decree, it may be reversed for error on this account. In England a rule has lately been adopted on the subject, which provides, that if the defendant does not object to this defect, either by plea or demurrer, but raises the objection for the first time at the hearing, the court may, if it sees fit, proceed to a final decree, saving the rights of the absent parties. But even under this rule, (which is not in force in this State,) the courts of England will not proceed to a final decree in the absence of a party, whose rights may be affected thereby.—1 Daniel Ch. Prac. 338-9. The question is, therefore, reduced to this, is Skinner a necessary party to the bill? Upon this question we can entertain no doubt. It is the constant aim of courts of equity to do complete justice by one suit, and thus quiet all controversy in reference to the same subject; hence the common expression that courts of equity delight in doing justice, but not by halves.—Story Eq. Pl. § 72. To effect this object, it becomes necessary that all persons who are materially interested must be made parties, either as plaintiffs or defendants; otherwise the absent parties may re-litigate the same question over, and thus complete justice would not be done by the decree, nor future litigation cut off. That Skinner is interested in the will, sought to be set aside, is manifest, for he has a legacy under it; nor could he be bound by the decree rendered by the chancellor in the court below. The decree, therefore, does not do complete justice, nor prevent future litigation. In the case of Vancleare v. Beam, 2 Dana, 155, a bill was filed to set aside a will, on the ground that the testator was not of sound mind, but the principal devisee only was made a party. The Court of Appeals of Kentucky reversed

the decree, because the other devisees were not made parties, holding that they were proper and necessary parties, in the absence of whom no final decree should be rendered. If we were to allow this cause to proceed in the absence of Skinner, we would sanction a practice that would lead to the overthrow of one of the fundamental principles of courts of equity, which is, that all persons interested in the subject matter should be made parties, and by such a practice multiply litigation, and render our decrees an unsafe and uncertain protection to those who must perform and abide by them. We, therefore, hold that the omission to make Skinner a party is an error, for which we must *reverse the decree*, although the objection is taken for the first time in this court. *The plaintiffs in error must also recover costs in this court, for the error results from the complainant's omission to make the necessary parties to the bill.* The cause, however, will be remanded, that the proper parties may be made in the court below.