## McCully *v.* Chapman, Adm'r.

### *Bill in Equity to enforce Vendor's Lien.*

1. *Heir, title of; when divested.*—The title of the heir or devisee to lands devised or descended, and sold under order of the probate court for cash, is not divested until the purchase-money has been paid, the sale reported to and confirmed by the court, and a conveyance executed to the purchaser under its order.

2. *Sale by administrator, in violation of order of court.*—Where an administrator violates the order of the probate court in making a sale of decedent's lands, and sells on a credit instead of for cash, the sale is in excess of his authority, and depends for its validity on the subsequent ratification of the heirs or devisees, or in a proper case, its confirmation by the Court of Chancery.

*Same; parties to suit to enforce sale.*—Where an administrator files his bill to enforce a vendor's lien on lands of the decedent, sold by him, under order of the court, whether the sale be made pursuant to or in excess of the authority conferred—the sale not having been confirmed, and no conveyance having been made to the purchaser—the heirs and devisees must be made parties; and where the estate has been declared insolvent, creditors, whose claims have been filed and allowed, are also necessary parties.

4. *Defect of parties, objection for; what may be raised for first time in appellate court.*—The omission of an indispensable party will cause a reversal on error, though the objection was not raised in the court below.

5. *Want of authority of administrator to make sale; who can not deny.*—One who enters and remains in possession of land under a sale by the administrator, cannot be heard to deny his authority to make it, and thus defeat payment of the purchase-money; but may, if the sale was in excess of his authority, on proper proceedings, compel creditors and heirs to elect its ratification and confirmation or rescission.

APPEAL from Chancery Court of Perry.

Heard before Hon. CHARLES TURNER.

The appellee, John H. Chapman, as administrator *de bonis non* of one J. G. Cole, deceased, filed this bill against the appellant McCully, and one Mathews. The bill alleged that Cole died testate in Perry county, seized and possessed of certain lands. His will was duly admitted to probate, and the persons named in it as executors, qualified, but one of

them resigned, after making final settlement with the probate court, and the other afterwards had the estate declared insolvent, settled her administration, and resigned. Appellee was appointed administrator *de bonis non*, and took possession of the lands in controversy. The probate court made an order of sale, and Chapman exposed the lands for sale in accordance therewith, Mrs. McCully becoming the purchaser for the sum of $7.50 per acre, or $6,900 for the tract of land. The order required the sale to be made for cash. Mrs. McCully was unable to comply, but requested Chapman to let her have possession so that she could cultivate the lands the ensuing year, and indulge her in the payment of the purchase-money until December of the next year. Chapman consulted with the creditors, and they agreed to let Mrs. McCully remain in possession, provided she would pay $1.50 per acre, in addition to the purchase-money, for the rent of the land that year. Mrs. McCully thereon assented to the arrangement, and gave the administrator her promissory note for the purchase-money, and the amount charged as rent, payable December 1st, 1871. Mrs. McCully entered into possession and still retains it, having made some payments on the note; but no deed has been made to her. The bill alleged that Matthews claimed some interest in the lands, asserts that the complainant has a vendor's lien on the lands, and prays that they may be sold for the payment of the balance due on the note.

Mrs. McCully demurred to the bill, assigning as grounds : 1st, that the sale was not made in accordance with the order of the probate court, and that the sale and note given for the purchase-money are void; 2d, that the bill seeks to enforce a private sale of lands made by the administrator in violation of law; 3d, that it appears complainant has and can convey defendant no title if payment of the purchase-money is enforced ; 4th, because complainant has no lien. She also demurred to so much of the bill as sought relief on the amount of the $1.50 per acre rent, on the ground that it was a device to exact usury, for forbearance on the debt created by her bid.

This demurrer was overruled. She afterwards demurred on the ground that the sale was never reported to or confirmed by the probate court, but no action seems to have been taken on this demurrer. A decree *pro confesso* was taken against Matthews. Mrs. McCully's answer admitted the main allegations of the bill, but denied that complainant was entitled to relief, setting up some outside matters about the reason of her failure to get some money due her, with which she expected to pay the amount of her bid, and

averred that the rent per acre she agreed to pay was really for forbearance on the debt, and not for rent, as the lands were not worth that rent. The testimony, however, shows that she was mistaken in this, and that the arrangement which she made about rent was not a usurious device, but a condition imposed by the creditors, whom the administrator consulted about allowing her to take the lands and postpone payment for a year, who were anxious as well as she not to have a resale, and at the same time not to lose rent for the year. The will of Cole is not made part of the pleadings or evidence.

The Chancellor decreed that complainant had a lien on the lands for the amount of the purchase-money and interest thereon, and directed a sale of the lands to enforce the lien. The overruling of the demurrer and the decree rendered are now assigned for error.

JOHN F. VARY, for appellant.—Chapman had no title, and could convey none. The probate court never confirmed the sale. The order of sale was for *cash*, the sale made was on a *credit*. It was in plain violation of the statute, a flagrant violation of duty, and no rights could arise under it. The administrator and creditors could not confirm the sale—that power was vested in the court alone. The order of the court of chancery was in effect a confirmation of that *void* sale at the instance of the administrator, without giving the heirs a hearing. Has not the probate court the exclusive right of confirming a sale, when the administration is still in that court?

D. S. TROY, *contra.*—Mrs. McCully is in possession under the contract, and she can not keep the land and at the same time avoid the sale.—7 Ala. 170; 9 Ala. 297. The case is, therefore, one of a sale of lands, the vendee in possession; and in such a case, as between vendor and vendees, it matters not where the title is. As to the heirs being parties, it is suggested that the parties might litigate their rights between themselves, and after doing so, ought not to be permitted to complain that others, whom they could have brought in, were not made parties. As between vendor and vendee, it matters not what title passed by the sale, so the vendee got what was bargained for.—32 Ala. 288. Chapman is chargeable with the amount of Mrs. McCully's notes, and he ought certainly to be allowed to enforce her notes against the lands.

BRICKELL, C. J.—The general rule in a court of equity

[McCully v. Chapman, Adm'r.]

is, that all persons having an interest in the subject matter of the suit, must be made parties, either as plaintiffs, or as defendants. The purpose of the court, is, the prevention of future litigation, and security in the performance of its decrees. There may be a separation of the legal and equitable title, and if there is, the court will not generally proceed to a decree, unless the persons in whom each resides, are made parties, so as to bind them by the decree which may be rendered. If the legal title was not affected, the persons in whom it resides, could, notwithstanding the decree, proceed at law to assert it, and the decree, being as to them *res inter alias actae*, would be no answer, and would not afford security in its performance.—1 Dan. Ch. Pr. 240-243.

The title to the lands, which are the subject of this suit—title for which the appellant contracted, and which the appellee contracted to sell, if they were not devised by Jerre G. Cole, descended to his heirs, or if devised, passed to the devisees, *eo instanti* his death. This title was not divested by the decree of the court of probate, authorizing the appellee to make sale of them, nor would it have been divested if a sale had been made in strict conformity with that decree. The purchase-money must have been fully paid, the payment reported to the court of probate, and a conveyance executed to the purchaser under a decree of the court, to divest the title passing to the heirs by descent, or to the devisees, if devised. Until the execution of the conveyance, the heirs, or devisees, may maintain ejectment against the purchaser, or whoever enters under him.—*Doe v. Hardy*, 52 Ala. 297. The court should not, therefore, in the absence of the heirs, if the lands descended, or in the absence of the devisees, if they were devised, render a decree for their sale. The purchaser could acquire, at most, but an equitable title, which would not avail at law, and for protection against the legal title, he would be compelled to resort to another suit in equity. This would be true if the sale had been made in conformity with the decree of the court of probate. The sale was not made in conformity with that decree, but was matter of contract with the administrator, made without authority, and is dependent wholly for its validity, and for its operation, on its ratification by the heirs, or the devisees, or on its confirmation by the court of chancery, because the price paid, or contracted to be paid, is adequate, and has been, or shall be, under the direction of the court, applied to the satisfaction of the debts chargeable on the lands. The order of the court of probate required a sale for cash, and was the limit for the authority of the administrator. A sale on credit was without his authority, and if reported to the

[McCully v. Chapman, Adm'r.]

court of probate, would not have been capable of cornfirmation. We repeat, therefore, the sale made depends for its validity on its ratification by the heirs or devisees, or its confirmation by the court of chancery. There is no averment of ratification, and in the absence of the heirs, or devisees, there could be no confirmation. The bill does not show whether the land were devised, or whether they descended to the heirs of Jerre G. Cole. We hold, the devisees, if the lands were devised, or the heirs, if they descended, are indispensable parties, without whom no decree can be rendered, which can be safely performed, or which will finally quiet litigation. While the general rule is, the want of parties should be insisted on by demurrer, or in the answer; yet, the rule in this State has been to restrict the application of the general rule, to formal parties. The omission of an indispensable party is a defect that will reverse the decree on error, though objection has not been made in the court of chancery.—*Batre v. Auge*, 5 Ala. 173; *McMaken v. McMaken*, 18 Ala. 576. We think the creditors, who have filed their claims in the court of probate, in the course of the insolvency proceeding, and had them allowed, thus becoming entitled to share the purchase-money, if the sale to the appellant is confirmed, should be made parties either as plaintiffs or defendants. The lands are chargeable with the payment of their claims, and they have an immediate interest in the sale—the right to show that its confirmation would be unjust to them, because of the inadequacy of the price, or from any other cause.

The sale made under the decree of the court of probate, at which the appellant bid off the lands, if the purchase-money had been paid, in accordance with its terms, was inchoate until confirmed by the court. The purchase-money not having been paid, no report of the sale having been made, and no confirmation by the court, it conferred on the appellant no right or interest in the lands.—*Hutton v. Williams*, 35 Ala. 503. The strict line of duty and authority of the appellee, was to report the failure of the appellant to comply with the terms of sale, obtain an order of resale, holding the appellant responsible for the differences, if any, in the price obtained on such resale. This course was not pursued, each party being anxious to avoid a resale. A contract was made, by which appellant was to be let into possession, and at the expiration of twelve months, was to pay the sum at which she had bid off the lands, and a stipulated rent for the current year. Under this contract, appellant executed to the appellee her promissory note for the aggregate of the rent, and the sum bid; entered into and remained in undisturbed

possession, having made partial payments on the note. It is certainly true the appellee was without authority to make this contract, and that it is without validity, if not ratified by the heirs or devisees, and the creditors ; or confirmed by the court of chancery. Having entered into possession under the contract, and remaining in possession, the appellant can not be heard to deny the authority of the appellee to make the sale. She is enjoying the benefits of the contract, and can not escape from its obligations. If she desires to perfect her title, or to rescind the contract, because of appellant's want of authority to make the sale, she can, doubtless, compel the creditors, and heirs, or devisees, to elect its ratification and confirmation, or its rescission. It is not within her power to rescind it, without affording them the opportunity of ratifying it, and passing to her the title for which she contracted.—*Lamkin v. Reese,* 7 Ala. 170; *Bland v. Bowie,* 53 Ala. 152.

It is true that, under our statutes, it has been uniformly held, that administrators or executors, not having power under a will, can not, without an order of the court of probate, make sale of the personal property coming to their possession, or control, for administration; and that a sale made without an order of court, is void, passing no title to the purchaser, and that the executor, or administrator, can not coerce the payment of the purchase money. At common law, the power of the personal representative, to dispose of the personal assets, was unlimited. The decisions to which we have referred, rest upon the ground, that as to personal property, the subject of transfer by sale,—personal property, other than choses in action—the statutes have taken away the common law power of disposition, and prohibited sales, except under an order of the court of probate. A sale not made under such an order, is something more than an excess of authority ; it is a violation of express statutory prohibition, and consequently void. The contract between these parties is not tainted with illegality—it is but an excess of the authority with which the appellee is clothed. If the parties in interest elect its ratification, or it shall be confirmed by the court of chancery, the appellant can acquire title without the violation of any statutory inhibition.

We can not perceive that the contract has in it any element of usury. It was a simple contract of sale. There was no forbearance of a *debt,* for none existed. The prior sale was inchoate, and was never completed, so as to render the appellant liable for the price bid—her only liability was for a failure to comply with the terms of sale. The measure of that liability, was the difference between the sum bid, and

[Bestor, Adm'r, v. Roberts.]

the price obtained on a resale. No resale having been made, there could be no liability for more than nominal damages. The theory urged by the appellant, that the sum agreed to be paid for rent of the current year, was a device to obtain more than legal interest for the forbearance of the debt incurred by the bidding off the lands, at the public sale, can not be sustained. No such debt was incurred; and whatever may have been the expressions of the parties, the legal effect of the contract, is that of sale and of renting; not of the payment of rent, as interest for forbearance in the payment of the purchase-money.

For the defect, in the want of proper parties, the decree must be reversed, and the cause remanded.