"White, J.
1. There was no error, in onr opinion, in the-overruling of the motion of the executors to dismiss the appeal.
The statute provides that, the party desirous of appealing his cause, shall give an undertaking with one or more-sureties, to be approved by the clerk of the court, or anyjudge thereof, in the penalty and with the conditions therein-provided. S. & C. 1163. The undertaking is to be made “payable to the adverse party, or otherwise, as may be-directed by the court, where the conflicting interests of the parties require it.” Ibid. 1165.
In the present case, two of the defendants, William Forsyth and Thomas Mintier, executed the undertaking, or appeal bond, on behalf of the plaintiffs. The plaintiffs-were the appellants, and as Forsyth and Mintier could not execute an undertaking, or a bond, to themselves, the instrument could only be operative in favor of the other-defendants. Such an instrument, though not in conformity to the statute, was sufficient to give the appellate court jurisdiction, and to bring the case within the provisions of the act of April 8, 1856, supplementary to the act regulating appeals. S. & C. 1169.
That act is as follows : “ That, in all cases where an appeal has been, or shall be, taken from the court of common pleas to the district court, and the surety in the undertaking for appeal shall have removed from the state, or for any cause whatever shall be insufficient, or if such undertaking- shall be insufficient in form or amount, it shall be lawful for the district court, on motion, to order a change- or renewal of such undertaking, or said court may order a new undertaking to be given, with security, to be approved by said court, or the clerk thereof; and if the said order of said court shall be complied with and obeyed, said appeal shall not be dismissed, . . . but if said order of said court shall not be complied with and obeyed, said ap~ *642 peal, on motion for that purpose, shall be dismissed, and the judgment, or decree, in the court below shall be revived.”
This being a remedial statute, should be liberally construed. Thus construed, the defect in the undertaking did not lay the foundation for the absolute dismissal of the canse. But, under the statute, such dismissal was only authorized after the failure of the appellants to give an undertaking in accordance with the order of the court.
2. There was error in trying the issue and in rendering the decree, without the appearance of David Forsyth, one of the legatees, having been effected in the action.
The code, in respect to parties, has adopted, substantially, the rules before existing in courts of equity.
Section 40 provides, that: “ The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy •can not be had without the presence of other parties, the ■court must order them to be brought in.” S. & 0. 958.
The proposition that, where no objection is made by demurrer or answer on account of the defect of parties, the objection is to be deemed as waived, applies only in cases where it is competent for the party pleading to waive the objection. ,But where the presence of an absent party is essential to the determination of the controversy, the parties can not waive the objection. The court, in such case, must order the party to be brought in. Moreover, in a suit to contest the validity of a will no answer is required. The statute directs what the issue is to be, whether there is an .answer or not.
It is the duty of the plaintiff instituting a suit to settle a controversy, to see that the necessary parties are brought before the court.
We are not without adjudications directly on the question now before us.
McMacken v. McMacken, 18 Ala. 576, was a proceeding in error to reverse a decree setting aside a will. A person *643 named as a legatee in the will was not made a party to the .suit, in which the will was set aside. It was held, by the •court, that to a bill to set aside a will all the legatees are indispensable parties, and that the omission of one, who is .an indispensable party to the bill, is a defect, for which the decree will be reversed on error, although the objection is taken for the first time in the reviewing court. To the same effect is Vancleave v. Beam, 2 Dana, 155, and Rogers v. Thomas, 1 B. Mon. 390.
In the case last named one of the questions stated was, whether there was available error in trying the issue as to the validity of .the will when all necessary parties were not before the court. In answering this question, on page -398, the court say : “ Two slaves, emancipated by the contested document, were not made parties. They were necessary parties, whose rights can not be concluded by the verdict and decree between other parties. One of the chief ■objects of such a procedure by bill, was to settle, finally and -conclusively, all litigation as to a contested will; and it is the chancellor’s duty in such a case to require all persons interested as heirs or devisees to be made parties before he permits a final trial or renders a final decree. Endless litigation and confusion might result from permitting a decree to stand, which can not conclude all persons directly interested in establishing or invaliding the will.”
In Shields v. Barrow, 17 How. 139, Curtis, J., in speaking of the different classes of parties in equity, describes the third class as follows : “ Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree can not be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent th equity and good conscience.”
In Holt v. Lamb, 17 Ohio St. 375, the effect of the decree .setting aside the will was drawn in question in a collateral suit. And it was there held that the parties to the suit in which the decree was rendered were bound by the decree, that it was not void as to them ; but that as to all other per *644 sons in interest the decree was void. No question arose in that case as to the decree being reversible on error. But as it was held to be void as to some of the persons in interest and binding as to others, in respect to the same property, it would seem to be necessarily erroneous as to the parties to the suit.
In Singleton v. Singleton, 8 B. Monroe, 340, a different view was taken of the effect of a decree setting aside a will. And it was held in that case that the verdict of the jury upon a bill filed, contesting a will, must be binding on all interested in the will, or it is not binding upon any. But this case recognizes the authority of Rogers v. Thomas, supra, in which it was held that the absence of a necessary party to the proceeding setting aside of the will, was ground for the reversal of the decree on error. See page 356 of the opinion.

Judgment reversed and cause remanded.