## EMANUEL & GAINES v. HUNT.

1. In the case of a debt secured by a mortgage on property, the debt is the principal, and the mortgage merely an incident—an assignment of the debt therefore, is an assignment of the mortgage also, unless otherwise, expressed in the transfer.

2. An allegation in a bill, that the note was assigned, is equivalent to an allegation, that the mortgage was assigned, also.

Error to the Chancery Court at Mobile.

THIS was a bill filed in the Chancery Court at Mobile, by the defendant in error against the plaintiffs in error to foreclose a mortgage.

The bill charges that the defendants in error, were indebted to James Magee, Calvin Norris, and Thomas McCoy, in three promissory notes for upwards of fifteen thousand dollars each, due at the periods stated in the bill; to secure the payment of which, a mortgage was executed by the plaintiffs in error, on certain real estate, also described in the bill; that the notes aforesaid, were by the payees assigned to the defendant in error; the bill further avers that the last mentioned note has not been paid, and prays that the equity of redemption be barred, &c.

The defendants below failing to appear, a decree *pro confesso*, was entered against them, and the mortgage and notes being produced and proved in Court, a reference was made to the master who reported that, on comparing the bill and notes he finds due and owning to the complainant in this case, one note, executed, May 26th, 1835, due 26th nad 29th May, 1838, for sixteen thousand seven hundred and one dollars and forty-five cents, and interest thereon; which decree was confirmed and the usual order of sale, unless the money was paid. From the decree this writ of error is prosecuted by the defendant, Gaines, who now assigns for error.

1st. The decree is erroneous, because the bill does not aver, that the mortgage made to Norris, McGee & McCoy, was ever assigned or delivered to the complainant, or that he ever became the owner of the same.

2d. The Court erred in rendering a decree at the return term of the subpoena.

3d. The decree is erroneous, because the complainants do not show what has become of the other notes not complained of, nor whether paid, or in his posession or outstanding, in the possession of some other person.

4th. The decree is erroneous in confirming the report of them master.

STEWART, for the plaintiff in error.
CAMPBELL, contra.

ORMOND, J.—All the assignments of error, made in this case, are covered by the decisions of this Court, in the cases of Levert et al. v. Redwood, 9 Porter, 80; and the heirs of Duval

v. McClosky, 1 Ala. Rep. N. S.    and with the decision of these points in those cases, we are perfectly satisfied.

In reference to the first assignment of error, it may be proper to say that the question, as to whether it was necessary that the assignee of a note secured by a mortgage on real estate, should, in a bill to foreclose the equity of redemption, aver that the mortgage was assigned or delivered to him did, not arise. But we held that the debt was the principal, and the mortgage a mere incident, and that a transfer of the debt was, unless otherwise expressed, a transfer of the mortgage also.    This being the law, the allegation of the bill, that the notes were assigned, was equivalent to an averment, that the mortgage was also, assigned.    There was, therefore, no error in the decree and it is affirmed.