## Tibbetts *versus* Baker.

In debt on a judgment in another court, if there be introduced two copies of the record duly authenticated, and yet variant from each other; *it seems*, the plaintiff must fail because of the uncertainty in his proof.

In such case; *it seems*, the certifying officer or any person, who has compared the copies with the original, may testify which is the true copy.

In such a case, if the defendant, in offering to introduce an authenticated copy, also embrace in his offer the proof of facts extraneous to the record, it *is* not erroneous to reject the whole offer.

Debt on judgment, recovered before a justice of the peace. Plea, *nul tiel record.* The plaintiff offered what purported to be a copy, duly authenticated by the justice. The defendant objected to it, and offered to prove, by another authenticated copy of the same record, and by a *certificate* of the justice, that the first, through his misapprehension and mistake, was erroneous.

This evidence was excluded, and the copy offered by the plaintiff was received, which corresponded with the declaration.

The defendant then offered to prove, that the copy offered by plaintiff was procured by the misrepresentation of his counsel. This evidence was excluded. A default was entered by consent, and the case was then reserved for a legal disposition by the court.

*Abbott,* for defendant.

If no evidence can be allowed to show that the copy, imposed upon the court, was a false one, the law of the case is neither the perfection of reason or of justice, but a perversion of both.

On a trial of this case in the District Court, the Judge allowed the justice's original record to be introduced, to control the plaintiff's copy. But his decision was overruled on exceptions. How then shall the truth be elicited? Is this court the lone spot in the universe, where error must find eternal protection? Are mistakes in copying, so sacred? We offered to prove that the plaintiff's copy was obtained by the misrep-

resentation of his counsel. We contend that such fraud would vitiate a judgment; *a fortiori,* it would vitiate a mere copy of a judgment. 12 Pick. 352 and 388.

TENNEY, J. That could be done only on plea of fraud.

*Abbott.* How could we plead fraud, before it was known or suspected that a false copy would be offered ?

*Leavitt* and *Brown,* for plaintiff, decline arguing.

SHEPLEY, C. J., orally. — The remarks now to be offered have no reference to foreign judgments.

The document introduced had the requisite authentication, and was sufficient for the plaintiff. But errors are incident to all human affairs. They may occur by fraud or by mistake ; and there should be a remedy. If the question before the court related to its own record, they could reform it. But in this case, we cannot inspect the original. On *certiorari* a true exemplification might be obtained.

If two variant authenticated copies are shown, it could not, *by them,* be discovered which is the true copy, and the plaintiff's proof, for that reason, would fail, for want of the requisite certainty.

We think, in such a case, the certifying magistrate might be examined on oath to testify, *which* is the true copy. And if he could not be obtained, another person, who had compared a copy with the original, might give the testimony.

That course would not contradict a record ; it would merely ascertain which was the true copy.

If the defendant had offered merely to introduce another authenticated copy, it must have been received. But he did not so do. He included, in his offer, proof of other things, such as misapprehension and mistake. It was an attempt to put in extraneous facts, and those not verified by oath. That could not be allowed, and the offer was therefore rightfully rejected.      *Judgment on the default.*