# Rea *v.* Richards *et al.*

*Bill in Equity for Specific Performance of Parol Contract for Sale of Land.*

1. *Bankruptcy ; right to enforce parol contract for sale of land.*—A purchaser of lands, under an executory parol contract, having afterwards obtained a certificate of discharge in bankruptcy, cannot maintain a bill in equity for the specific performance of the contract; his assignee is the only party who can sue.

APPEAL from the Chancery Court of Chambers.
Heard before the Hon. B. B. McCRAW.

JAMES T. MAY, for appellant.

E. G. RICHARDS, *contra.*

BRICKELL, C. J.—The bill was filed by the appellant, to enforce the specific performance of a parol contract, made with the appellee, for the purchase of an undivided one-third interest in certain real estate, situate in the town of LaFayette. The averment of the bill is, that the contract was made in 1863, by appellant, as trustee of the statutory separate estate of his wife, and the purchase-money paid formed part of such estate. It is further averred, that the wife died in 1866, intestate ; and on her death, the appellant succeeded to a life-estate in the real estate so purchased. The answer admits the contract of sale, and the payment of

[Wood v. Morgan.]

the purchase-money; but denies that the contract was made by the appellant as trustee, or that the purchase-money paid was part of the wife's statutory separate estate. It avers that the contract was made by appellant, for himself, in his own name, and the money paid was his own money. It is further averred, and the fact shown, that in 1868 appellant was, on his own petition, adjudicated a bankrupt; and his bankruptcy is relied on, as a bar to the relief prayed by the bill.

It is not material to inquire, whether the testimony supports the averments of the bill, or the averments of the answer. Whatever interest the appellant had in the contract, or in the real estate, whether he succeeded to such interest as husband under the statute, or acquired it by the contract of purchase, passed from him, to the assignee in bankruptcy, on the adjudication; and the assignee alone could maintain a bill for specific performance.

The decree of the chancellor, dismissing the bill, must be affirmed.