[Dacus v. Streety.]

# Dacus *et al. v.* Streety.

*The Power of a Married Woman to Contract.*

1. *The power of married women to contract has not been increased.*—The statutes creating the separate estates of married women have not enlarged their capacity to make contracts. A promissory note given by a wife for the debt of her husband, is not merely voidable, it is absolutely void.

2. *A mortgage on land transferred by delivery only, does not at law transfer the mortgage debt.*—A mortgage on land transferred by delivery, merely creates an equity, but does not at law transfer either the mortgage debt or any right to, or in the mortgaged property.

3. *To authorize the interference of a court of equity, the transfer must have been made for a valuable consideration.*—A court of equity may give effect to it according to the intention of the parties. But to authorize the action of a court of equity, the transfer must be supported by a valuable consideration.

4. *Partial payments made by the wife, can not be reclaimed.*—Partial payments made by the wife on her note with money belonging to her equitable separate estate, or derived as income from her statutory estate, can not be reclaimed by her.

5. *The order in which mortgaged lands must be sold.*—In decreeing a foreclosure of mortgaged lands, some of which have been sold by the mortgagor since the execution of the mortgage, the court must direct the unsold portion to be first sold, and the residue, in the inverse order of their alienation.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. HURIOSCO AUSTILL.

This bill of complaint was filed by John P. Streety as the surviving partner of the firm of Streety & Rinaldi, in the Chancery Court of Lowndes county, against Mrs. Susan E. Dacus and others, to foreclose a mortgage upon the land therein described.

The record shows that Rufus W. Dacus, since deceased, in 1859 was indebted to the firm of Streety & Rinaldi in the sum of six hundred and nineteen 25-100 dollars; and to secure the payment of this amount, he made and gave a promissory note to his creditors, payable on the first day of October, 1869. Dacus also executed a mortgage upon land described in the instrument, " for the purpose of securing the payment of the said promissory note."

The bill of complaint also alleges " that a part of the said debt was paid as follows: On the first day of November, A. D. 1860, Mrs. Susan E. Dacus, the then wife of R. W. Dacus, executed as collateral security for the payment of said debt, her two promissory notes; one for three hundred and twenty-

[Dacus v. Streety.]

six 45-100 dollars, and the other for three hundred and thirty 46-100 dollars, payable twelve months after date thereof to said Streety & Rinaldi, with interest from date thereof; that upon these collateral notes the following payments were made, to-wit: On the seventh day of June, 1863, one hundred dollars; on the 13th day of February, 1864, one hundred dollars; (these payments were in Confederate money); on the second day of February, 1876, two hundred and twenty-five dollars. These payments were indorsed upon the two notes above described, and constituted all the payments and credits ever made upon the said debt as secured by said mortgage." .

The complainant further averred, that "sometime in the year 1871, the agreement or arrangement by which Mrs. Dacus had given her two notes as collateral, as aforesaid, was changed in this particular: "The complainant agreed to abate all the interest which may have accrued on her said notes up to November 5, 1865, provided the amount of said debt due by her should be promptly paid on the first day of January, 1872; and for the purpose of securing the performance of this agreement and to secure the payment of the notes due from the said Mrs. Dacus to complainant, she, the said Susan E. Dacus, re-transferred and delivered the said mortgage to complainant as his property, and the same is now his property." The complainant further alleged the money, except as above stated, had never been paid by Mrs. Dacus.

The defendant, Mrs. Susan E. Dacus, filed an answer and cross-bill, she denied that the notes were given as collateral security for the payment of her husband's debt; and alleged that the notes were given in purchase of the mortgage executed by her husband, the said R. W. Dacus, to the said Streety & Rinaldi, and that upon the execution by her of the said notes, the mortgage was delivered to her. The payments made upon the notes, as stated by the complainant, were made from money belonging to her separate estate; and. that the payments nearly ."extinguished the whole amount of her promissory notes, but they were not payments of the debt of her husband." She alleged that in 1871 she proposed to the complainant to "rescind the trade which she had made with the said firm for the purchase of said mortgage, and with a view to such rescission, this defendant sent to the said Streety said mortgage which she then held under said purchase, with a request that if such proposition for rescission was accepted, her said promissory notes should be delivered up to her; that said mortgage was so sent to him,

[Dacus v. Streety.]

-the said Streety, and was taken by him, but that he failed to return to her her said notes, and has never yet returned the same to her; that he failed to comply with her said proposition for rescission, and that he still holds her said notes, as far as this defendant knows; and this defendant says she is now unwilling to rescind said contract after so great delay and lapse of time on the part of complainant to accept and carry out her said proposition of rescission; and defendant avers that said contract by her with said Streety & Rinaldi, for the purchase of said mortgage as aforesaid, is thus still in force :and has never been rescinded, and that said mortgage is her property, and not that of said complainant, and as such should be delivered up to this defendant, and she now demands that the same be done.   And this defendant says that if complainant persists in holding and claiming said mortgage, and is allowed by the court to do so, and to rescind her said contract of purchase thereof, or to alter or disregard the same, said complainant should in equity and good conscience, pay back to her the money paid by her on her said contract, with interest on the same from the time of such payments, and the defendant will and does in such case demand the same to be done, and will in such case insist that a lien in her favor for money so paid by her be declared by this court upon said real estate described in said mortgage."

It appeared that the mortgage upon the execution of the promissory notes of Mrs. Dacus had been transferred to her simply by delivery; no assignment of it in writing was ever made to her.

The record showed that the said Rufus W. Dacus and his wife, Susan E. Dacus (the defendant), had conveyed to Jane Stepney, afterwards Jane Lloyd, a part of the land embraced in the mortgage made to Streety & Rinaldi; and also conveyed another part of the same land to Hiram Mushat.

On the final hearing of the cause the court decreed that the complainant was entitled to relief; and ordered that unless the defendant paid the sum of five hundred and thirty-five 80-100 dollars, the amount due the complainant, within sixty days, the said mortgage should be foreclosed.

GIRARD COOK, for appellant.

CLEMENTS & ENOCHS, for appellee.—1. It is evident from the record that the mortgage has never been satisfied.   The notes of appellant given to Streety were utterly void, and imposed no liability on her separate estate.—38 Ala. 518;

[Dacus v. Streety.]

43 Ala. 190; 47 Ala. 456; 45 Ala. 337. It is a well estab-
lished principle that the lien lasts as long as the debt. Noth-
ing but an actual payment of the debt or an express release,
will discharge the mortgage.—Hilliard on Mort. pp. 448-9.
The Statute of Limitations is not available.—29 Ala. 703;
33 Ala. 18.

2. There is no inconsistency between the original and
amended bills.—33 Ala. 168. It is permissible for the com-
plainant, at any time before the hearing, to add new facts,.
but not by the amendment to make a new case.—33 Ala. 57.
And an amendment takes effect as if it were in the original.
bill.—35 Ala. 334, and authorities *supra*.

BRICKELL, C. J.—The statutes creating the separate·
estates of married women, have not enlarged their capacity
of contracting. The disability, the common law imposes, re-
mains except as to an alienation and conveyance of her stat-
utory estate, made by husband and wife jointly. The con-
tract by which Mrs. Dacus gave her promissory notes for
the debt of her husband, whether the notes were given as
collateral security, or in purchase of the mortgage, is void,
not voidable. There are contracts into which she may enter,
that a court of equity will not permit her to repudiate, and
yet keep the benefits acquired by them. If she purchases·
lands, she can not retain them without paying the purchase-
money. Or if she gives her own note for the purchase-money,.
receives a conveyance from the vendor, and in her own name,
without the concurrence of her husband, executes a mortgage
on the lands for the security of the notes, a court of equity
will decree that the mortgage shall stand as a valid security,
binding the lands, though imposing on her no personal lia-
bility.—*Leach v. Noyes*, 45 N. H. 364; *Hatch v. Morris*,
3 Edw. Ch. 313; *Chilton v. Braichen*, 2 Black, 458; *Marks
v. Cowles*, 53 Ala. 499. The only transfer of the mortgage
to Mrs. Dacus was by delivery merely. Such a transfer·
under any circumstances could create only an equity. It
does not in a court of law pass the mortgage debt, or any
right in or to the mortgaged premises. A court of equity
may give effect to it, according to the intention of the par-
ties. It must however, to invoke the interference of that·
court be supported by a valuable consideration. In the
absence of such a consideration, parties are left to stand on
their legal rights and remedies. If Mrs. Dacus had paid
the notes, she could doubtless have compelled a transfer to
her of the mortgage debt, and of the mortgage. Such pay-

ment alone, would give her an equity which can be enforced. The contract with her being without legal validity, the mortgage remains an operative and valid security for the mortgage debt, and the debt being unpaid in part, the mortgagees are entitled to a foreclosure.

The claim set up by the cross-bill for a reclamation of the payments made by Mrs. Dacus on her notes, can not be supported. A party seeking relief whether by original or cross-bill, must show his right by clear and distinct averments. The cross-bill, and the proof in support of it, are alike silent, as to the kind of separate estate, of which Mrs. Dacus was possessed—whether it was a statutory, or an equitable estate, and also silent as to whether the payments, were of moneys derived from the corpus, or the income. If her estate was equitable, in the absence of restraining limitations imposed by the instrument creating it, her capacity to make the payments, would be that of a *feme sole*, and she would be without equity to reclaim them. All that she could claim, would be an enforcement of the equity to a transfer of the mortgage, and the mortgage debt, on making payment of her notes. On the other hand, if the estate was statutory, and the moneys were derived from the income, and not the corpus, she would be without right to reclaim them. We abstain from expressing any opinion on the right of reclamation, if the moneys were derived from the corpus of the statutory estate of the wife. The cross-bill, nor the proof present that question. *Reel v. Overall*, 39 Ala. 138.

The chancellor erred in decreeing a sale of the entire mortgaged premises, without distinguishing between the parts sold by the mortgagor, and the part remaining unsold. The principle which has been adopted in this State, is, that if mortgaged lands are sold in several parcels, at different times, to different purchasers, by the mortgagor, on decreeing a foreclosure, a sale must be ordered first of the lands undisposed of by the mortgagor, and then the parcels sold, in the inverse order of their alienation.—*Mobile M. & D. Ins. Co. v. Huber*, 35 Ala. 713. The decree must therefore be corrected, and a sale ordered first of the part of the premises, not sold by the mortgagor, and if the proceeds of such sale shall not be sufficient for the payment of the mortgage debt, and interest, and the costs of suit, then the parcel of land conveyed to Hiram Mushat, must be sold for the payment of the balance remaining unpaid; and if the proceeds of such sale, will not pay such balance, then the parcel of land conveyed to Jane Lloyd, must be sold. The decree being thus corrected, will be affirmed, at the costs of the appellee.