# Clements *v.* Taylor.

*Statutory Real Action in nature of Ejectment.*

1. *When vendor may recover in ejectment ; bankruptcy.*—In ejectment, or the corresponding statutory action, the plaintiff makes out a *prima facie* right of recovery, when he shows that he sold the land to the defendant (or his ancestor), but retained the legal title in himself until the purchase-money was paid, and that full payment has never been made, or when the fact of payment is controverted ; but his right of recovery would be defeated, by proof of the fact that he had become a voluntary bankrupt in the meantime.

2. *Certified transcript of record ; sufficiency of certificate.*—A certificate, signed by the clerk of the District Court officially, with the seal of the court affixed, which states "that the foregoing pages, numbered from one to——, both inclusive, contain a full, true, and complete transcript of all the proceedings in the matter of A. B., bankrupt, as the same appears of record and on file in my office," but does not describe or identify the papers included in the transcript, is fatally defective, since, on account of the blank, the court can not tell what entries and papers were intended to be certified.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. JOHN HENDERSON.

This action was brought by Benjamin A. Clements, against Owen Taylor, to recover the possession of a tract of land, particularly described in the complaint, with damages for its detention. The summons, as copied in the transcript, is without date, and without any indorsement of service. The complaint is entitled of the Spring term, 1873, and the trial was had in 1878. On the trial, as is shown by the bill of exceptions, the plaintiff testified, as a witness for himself, that he owned the land in August, 1856, and then sold it to Paschal W. Taylor, who was the defendant's father ; that he executed a bond for title to the purchaser, conditioned to make him title to the land when the purchase-money was paid, and put him in possession of the land ; that the last note for the purchase-money, which fell due in December, 1858, and which he produced on the trial, had never been paid ; and that said Paschal Taylor continued in the possession of the land for a number of years, and then delivered it to the defendant. Paschal Taylor testified, as a witness for

[Clements v. Taylor.]

defendant, that he had paid the purchase-money in full. The defendant offered in evidence a certified transcript from the records of the District Court of the United States at Montgomery, showing the plaintiff's discharge as a voluntary bankrupt in 1868. The plaintiff objected to its admission, specifying numerous grounds of objection; all of which the court overruled, and admitted the transcript; to which rulings the plaintiff excepted. The opinion states the main ground of objection to the transcript. The court charged the jury, that they must find for the defendant, if they believed the evidence; to which charge, also, the plaintiff excepted. The overruling of the objections to the transcript, and the charge of the court, are now assigned as error.

J. T. HEFLIN, for the appellant.

STONE, J.—Clements, the plaintiff, contracted to sell the lands in controversy to one Taylor, in 1856. The title remained in Clements, he contracting to make Taylor a title on some future event. Taylor went into possession under his purchase; and he and the present defendant, claiming under him, have had possession ever since. He is still without title, and there is controversy as to the full payment of the purchase-money. The present action was brought in 1873. This makes out a *prima facie* case for the plaintiff. 1 Brick. Digest, 627, § 34.

The defense is, that Clements became a voluntary bankrupt in 1868, was adjudged a bankrupt, and that all his property-rights passed thereby, and were assigned to Pennington, his assignee; and that, consequently, the plaintiff is without legal title to maintain this action. If these averred facts are proved, they amount to a complete bar of the action, and the charge given by the court is free from error. *Rea v. Richards,* 56 Ala. 396; *Robinson v. Denny,* 57 Ala. 492; *Bolling v. Munchus,* 59 Ala. 482.

To sustain the defense of bankruptcy, the defendant offered in evidence what he claimed was an authenticated transcript of the record of the petition, adjudication, and discharge of plaintiff as a bankrupt, in the District Court of the United States for the middle district of Alabama,—the district in which Clements had his residence. By the certificate attached to the transcript, the clerk certified, " that the foregoing pages, numbered from one to ——, both inclusive, contain a full, true, and complete transcript of all the proceedings in the matter of Benjamin A. Clements, bankrupt, as the same appears of record and on file in my office." This certificate was signed by the clerk, as clerk,

and had the official seal of the court attached.   From the
bulk of the transcript, as shown in this record, it must have
contained many pages.   It covers twenty-eight folio pages
of the record in this cause.   The plaintiff made ten specific
objections to the introduction of this transcript in evidence.
The 8th is as follows :   " The clerk certifies to the contents
of pages from one to ——— , as containing the matter cer-
tified, and does not give the number of pages covered by the
certificate. "

Records are proved, " either by mere production of the
records, without more, or by a copy.   Copies of records are,
1st, exemplifications ; 2d, copies made by an authorized
officer ; 3d, sworn copies.   Exemplifications are either, first,
under the great seal ; secondly, under the seal of the particu-
lar court where the record remains. " — 1 Greenl. Ev. § 501.

" In proving a record by a *copy under seal*, it is to be
remembered that courts recognize, without proof, the seal of
State, and the seals of the superior courts of justice, and of
all courts established by public statutes ; and by parity of
reason it would seem, that no extraneous proof ought to be
required of the seal of any department of State, or public
office established by law, and required or known to have a
seal.   And here, it may be observed, that copies of records,
and judicial proceedings under seal, are deemed of higher
credit than sworn copies, as having passed under a more
exact critical examination. "—*Ib.* § 503.

In the case of *Pike v. Crehore*, 40 Me. 503, the court said :
" The next matter of exception is the exclusion, by the
judge, of a *document*, referred to in the exceptions, and
marked A.   This document contains a large number of
papers, purporting to be copies of record, and of other
papers on file in the office of the clerk of the United States
District Court of Massachusetts ; and were offered as evi-
dence of the bankruptcy of the plaintiff before he com-
menced the original action.   .   .   Prefixed to these
papers, and under the seal of the court, is a certificate of
the clerk, to the effect, that the papers hereunto annexed
are, each and all, true copies of the record in the matter of
Edward Crehore, of Dorchester, in bankruptcy, in said
court, and that they are copies of the whole record in that
case.   There are no marks upon the papers annexed to
this certificate, by which their identity can be determined.
.   .   These papers were offered in one document, as evi-
dence to prove the bankruptcy of the plaintiff. "   The court
held, that the court at *nisi prius* had correctly excluded the
whole document, because there were " many papers in the
document referred to, which were not legally authenticated

as copies of any record, of any court, and which were consequently irrelevant to the issue then before the jury." Some of the several papers composing the *document*, were authenticated with a separate certificate.—See, also, *Tibbetts v. Baker*, 32 Me. 25 ; *Carroll v. Pathkiller*, 3 Por. 269 ; *Dozier v. Joyce*, 8 Por. 301.

Copies of judicial records, authenticated with the certificate of the clerk, and seal of the court, are very high evidence. Hence, in giving such certificates, great watchfulness should be observed in causing them to speak the exact truth, and so identifying the papers certified, as to leave no reasonable ground for mistake. The consequences of an error in this regard are too serious to admit of loose practice. The certificate, by some clear reference, either to the number of pages, the papers intended to be authenticated, or in some other way, must inform the court what is certified as true. The certificate of the clerk of the District Court does not inform us what papers were intended to be authenticated, either by describing the papers, or by giving the number of pages. Such practice might lead to abuse, and we are unwilling to sanction it. The transcript ought not to have been received in evidence, on the certificate appended to it.

We think there is nothing in the other objections urged against the introduction of the testimony.

Reversed and remanded.