# McDonald *v.* McMahon's Adm'r.

| 66  115|
|101  279|

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Assignment of error on decree from which appeal is barred; joinder in error.* In a chancery cause, an assignment of error can not properly be based on a decree from which an appeal was barred by the statute of limitations when the appeal was sued out; but the objection is waived by a joinder in error.

2. *Parties to bill to enforce vendor's lien, after bankruptcy of purchaser.*—When the purchaser of lands has become a bankrupt, before bill filed to subject the lands to the vendor's lien for the unpaid purchase-money, his assignee in bankruptcy is a necessary party to the bill.

3. *Non-joinder of necessary parties.*—It has long been the settled practice of this court, to reverse decrees founded on bills which show on their face the absence of necessary parties, though no objection on that account was raised in the court below.

4. *Same; how cured; amendment and revivor.*—The non-joinder of an assignee in bankruptcy, or other party shown by the bill to be necessary, may be cured by an amendment of the bill; but it can not be cured by a subsequent suggestion of the bankruptcy, with leave to revive against the assignee; though that would be the proper practice, if the bankruptcy had occurred after the filing of the bill.

5. *Who are parties.*—The names of parties defendant must appear in the bill, and process must be prayed against them : the mere issue of a summons to a person, and its service upon him, do not make him a party defendant.

6. *Decree before cause is at issue.*—A final decree can not be sustained, when rendered before the cause is at issue: if the defendants have not appeared, and pleaded or answered, the record must show a valid decree *pro confesso* against them.

7. *Decree pro confesso.*—A decree *pro confesso*, such as will support a final decree, must state the facts on which it is based, and declare the sentence of

[McDonald v. McMahon's Adm'r.]

the court upon those facts; and a final decree can not, under the statute (Code, § 3825), be rendered on the same day.

8. *Parties to bill to enforce vendor's lien.*—When an administrator files a bill to enforce a vendor's lien for the unpaid purchase-money of land, which he has sold, under a probate decree, for the payment of debts, the heirs at law of his intestate are necessary and indispensable parties to the bill.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 18th September, 1867, by Joseph C. Baker, as the administrator of the estate of John J. McMahon, deceased, against William S. Bankhead, William A. McDonald, and John A. Gilchrist; and sought to enforce a vendor's lien on land, for the unpaid purchase-money. The bill alleged that the lands were sold by the complainant, as such administrator, on the 1st January, 1861, under a decree of the Probate Court of said county, for the payment of debts; that said W. A. McDonald became the purchaser at the sale, and executed his two bonds, or promissory notes under seal, for the purchase-money, with said Gilchrist and Bankhead as his sureties, copies of said bonds being made exhibits to the bill; that the bonds were still due and unpaid, and were a lien on the land; that said McDonald, Bankhead and Gilchrist had since become insolvent, and the two former "have availed themselves of the provisions of the act of Congress approved March 2d, 1867," known as the "Bankrupt Law." The prayer of the bill was, that the notes or bonds be declared a lien on the lands; that an account be taken of the amount due on the debt; that the lands be sold for its satisfaction, and for general relief.

Summons was served on McDonald and Bankhead on the 28th September, and on Gilchrist on the 17th October, 1867. At the ensuing November term, as the minute-entry recites, "came the parties by their solicitors, and it is ordered by the court, on motion, that the complainant have leave to amend his bill; and it is further ordered that respondent shall have sixty days from this date, November 26, within which to file his answer." At the May term, 1868, "the bankruptcy of respondents McDonald and Bankhead being suggested, it is [was] ordered by the court that the complainant have leave to revive against their assignee, when known, by bill or otherwise." On the 30th August, 1869, a summons was issued to C. C. Sheats, as the assignee in bankruptcy of McDonald, Bankhead *and Gilchrist*, commanding him to appear and answer the bill; and at the November term, 1869, a decree *pro confesso* was entered against him for want of an answer. At the same term, on the 22d November, an order was made and entered, referring the matters of account to the register.

The register made his report on the same day, showing the amount due on the complainant's debt to be $14,177.36; and the report was ordered to lie over one day. On the same day, November 22d, the chancellor rendered a final decree in the cause, declaring a vendor's lien on the lands for the amount of the debt as ascertained by the register, and ordering a sale of the lands by him. The sale of the lands seems to have been enjoined by the assignee in bankruptcy, by bill filed in the District Court of the United States at Huntsville; and the cause was continued, from term to term, until May, 1878, when, the injunction having been dissolved in January, 1878, the register reported that he had proceeded to sell the lands, pursuant to the order made at the November term, 1869, and that Lillie McMahon had become the purchaser. The report was confirmed, without objection, on the next day; and the court proceeded to render a personal decree against McDonald, Bankhead and Gilchrist, for $22,788.98, as the balance due on the complainant's debt.

The appeal is sued out by the three defendants named, and they here jointly assign as error the decree rendered at the November term, 1869, and the final decree rendered at the May term, 1878.

E. H. FOSTER, and F. P. WARD, for appellants.

PHELAN & WHEELER, contra.

BRICKELL, C. J.—The assignments of error relating to the decree rendered at the November term, 1869, would not be entertained, if objection had been made, that the statute had perfected a bar to an appeal from that decree.—*Garner v. Prewitt*, 32 Ala. 13. The joinder in error is, however, a waiver of the objection.—1 Brick. Dig. 103, § 290. It is manifest that and the subsequent decree are fatally erroneous, because of a want of necessary and proper parties, against whom any final decree could be rendered in the cause, which granted relief to the complainant. The vendee of the lands having become bankrupt, whatever interest he had in them passed to the assignee in bankruptcy, and he alone was a proper party to suits concerning it.—*Rea v. Richards*, 56 Ala. 396; *Butler v. Merchants' Ins. Co.*, 8 Ala. 146. The original bill, averring the bankruptcy, disclosed the defect; and it has long been the practice of this court, though objection is not made in the Court of Chancery, to reverse decrees founded on bills wanting in necessary parties—parties having the real, legal interest in the subject-matter of controversy.—*Batre v. Auze*, 5 Ala. 173; *McMaken v. Maken*, 18 Ala.

576; *Prout v. Hoge*, 57 Ala. 28. The defect could have been cured by amendment of the original bill. It was not cured by the suggestion of the bankruptcy of the vendee, and obtaining leave to revive against his assignee. If the bankruptcy had occurred pending the suit, that would have been the proper method of supplying the chasm it caused in the proceedings. It was not the mode of remedying defects in the original bill, and introducing new parties. Nor was the assignee made a party by the mere issue to, and service upon him, of a summons requiring him to appear, and plead or answer. The names of parties must appear in the bill: and though named in the bill, none can be regarded as parties defendant, against whom process is not prayed.—Story's Eq. Pl. § 44.

Nor was the cause at issue as to any of the defendants named in the original bill. They had not pleaded or answered; and the mere declaration that a decree *pro confesso* be entered against them, can not be regarded as such a decree, which ought to state the facts upon which it is founded, and declare the sentence of the court upon the facts, that the bill is to be taken as confessed. And if a decree *pro confesso* had been regularly entered, the statute then and now of force prohibited the hearing of the cause on the day of its rendition, and required that the hearing should be on a subsequent day of the term.—R. C. § 3392; Code of 1876, § 3825.

The heirs of the intestate, McMahon, were indispensable parties to the suit. The legal estate in the lands, descending to them on the death of their ancestor, was not devested by the proceedings in the Court of Probate, nor by the sale made by the administrator. No decree could be rendered in their absence, which would bind them or the legal estate, and upon which a purchaser of the lands at the sale prayed for in the bill could safely rely.—*Prout v. Hoge*, 57 Ala. 28.

It is not necessary to notice other errors found in the proceedings, the result probably of mere inadvertence, and which will be avoided in the future progress of the cause. Such as we have noticed compel a reversal of the decree.

Reversed and remanded.