# O'Connor *v.* McHugh.

### Bill in Equity for Injunction of Action at Law.

1. *Parol gift of note and mortgage, or transfer by delivery.*—A verbal gift of a mortgage and the note secured by it, by delivery merely, does not pass any legal estate or interest in the lands, but conveys an equitable right to have the mortgage foreclosed, either by bill in equity, or by sale under the power, for the benefit of the grantee.

2. *Same; remedies of grantee.*—If, after such verbal gift and transfer, the mortgagee's executor sells the land under a power in the mortgage, in disregard of the rights of the grantee, the latter may set aside the sale in equity, or, affirming the sale, may claim and recover the proceeds by action at law; but he can not enjoin an action at law by the purchaser to recover the possession from the mortgagor.

APPEAL from the City Court of Montgomery, in equity.

Tried before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 25th January, 1888, by Mrs. Bridget O'Connor, a married woman, against her two brothers, James McHugh and Michael McHugh; and sought to enjoin the further prosecution of an action of eject-ment, on demises by each of the defendants, to recover the possession of a tract of land, of which the complainant and her husband, John O'Connor, were in possession. The land had belonged to said John O'Connor, and was by him conveyed to Mrs. Mary Murray, by mortgage dated July 23d, 1884, to secure a debt of $2,528.90. Mrs. Murray was the aunt of complainant and her brothers, and she died in November, 1884, having executed her last will and testament, which was admitted to probate soon after her death, and letters testamentary granted to said Michael McHugh as executor. In August, 1887, the executor sold the land under the power contained in the mortgage, James McHugh becoming the purchaser; and on the 8th October, 1887, the action of ejectment was instituted to recover the possession. The

[O'Connor v. McHugh.]

complainant claimed and alleged in her bill that, in October, 1884, Mrs. Murray gave her the mortgage and the debt secured thereby, transferring it verbally and by delivery, and that the defendants had notice of her rights at the time of the sale under the mortgage.

An injunction was granted on the filing of the bill, which was dissolved on motion after answer filed; and the decree dissolving it is here assigned as error.

A. A. WILEY, for appellant.

GRAVES & BLAKEY, *contra.*

CLOPTON, J.—This appeal is taken from an order of the City Court dissolving an injunction sued out by appellant, to restrain the defendants from prosecuting an action of ejectment against John O'Connor, the husband of complainant, to recover the land described in the bill. The facts on which the right to the injunction is based, as averred in the bill, are, that her husband mortgaged the land to Mary Murray, as security for a note for $2,528.90; who, in October, 1884, delivered the mortgage and the evidence of indebtedness to complainant, saying she wished her, complainant, to have the land, adding, "And I now give you the mortgage debt." She also stated, that she had made a will leaving the bulk of her property to defendants, telling complainant to keep the mortgage, and consider the land as her own property. The bill avers that the complainant has held the mortgage debt ever since. After the death of Mary Murray, Michael McHugh, who is executor of her will, advertised the land for sale, and sold the same under the power of sale contained in the mortgage; at which sale James McHugh became the purchaser, and suit was instituted against the mortgagor to recover possession of the land. Mary Murray was aunt of complainant and defendants, who are brothers and sister. The land was originally purchased by John O'Connor, the mortgagor, from J. C. Gibson, who conveyed to him. The answers deny all the material allegations of the bill, especially that complainant has had possession of, or has any right to the note whatever, and aver that the same has been continuously in the possession of Michael McHugh.

Assuming the truth of the allegations of the bill, having no regard to the denials of the answer, what equity arises in

[O'Connor v. McHugh.]

favor of complainant? A transfer of a note by delivery, secured by a mortgage of lands, will, in a court of equity, be deemed a transfer or assignment of the mortgage also, and effect will be given to it according to the intention of the parties. But, unless the mortgage is assigned with suitable words of conveyance, either on a separate paper, or indorsed on the mortgage, it does not operate to pass the legal estate in the lands.—*Dacus v. Streety*, 59 Ala. 183; *Welsh v. Phillips*, 54 Ala. 309. It is apparent from the bill that both note and mortgage were transferred by delivery merely. This entitled complainant to foreclose the mortgage for her benefit, either in equity, or under the power of sale contained therein; but she acquired no estate in the land. The legal title remained in the mortgagee, clothed with a trust for the benefit of complainant.—*Prout v. Hoge*, 57 Ala. 28. Complainant obtained thereby the beneficial interest in the note, and an equity to the mortgage as an incident. Mrs. Murray could not have given complainant the land, had she attempted to do so, by a regular conveyance; all she could have done, would have been to assign to complainant her defeasible estate as mortgagee, with the right to enforce the payment of the debt by a foreclosure. If the executor sold the land under the power of sale, in violation of her rights, and to her prejudice, it may be that she has an equity to have the sale set aside, and the mortgage foreclosed in her interest, notice of her claim having been given at the time of the sale. A recovery of the land from her husband by the executor, or by the purchaser at the mortgage sale, can not prejudice her claim as transferree of the note and mortgage, nor impair her rights. They are the same, whether the land is in possession of the mortgagor, or of the defendant. Were the action of ejectment enjoined, this would not determine the real controversy between the parties, which relates solely to the ownership of the note and mortgage. If the facts be as averred in the bill, and the executor undertook to sell the land under the power in the mortgage, against the wish, and in disregard of the rights of complainant, her proper remedy was to enjoin the sale; but, having suffered it to be made, and having no title to the land, she can not enjoin the purchaser from prosecuting an action to recover possession from the mortgagor. She may elect to claim and take the proceeds of the sale, for the recovery of which she has a full and adequate remedy at law, or proceed in equity to have the sale annulled.

Affirmed.