# McHugh *v.* O'Connor.

*Bill in Equity for Injunction of Action at Law, and to Establish and Foreclose Mortgage in favor of Equitable Assignee.*

91 243
99 444

1. *Parol gift of note and mortgage, or transfer by delivery.*—Delivery of a mortgage and the note secured by it may constitute a valid parol gift of the debt or claim; but delivery of the mortgage only, without the note, is not sufficient.

APPEAL from the City Court of Montgomery, in equity.

Heard before the Hon. THOS. M. ARRINGTON.

The original bill in this case was filed on the 25th January, 1888, by Mrs. Bridget O'Connor, a married woman, the wife of John O'Connor, against her two brothers, James McHugh and Michael McHugh; and sought, principally, to enjoin the further prosecution of an action of ejectment, on demises by each of the defendants, to recover the possession of a tract of land, of which complainant and her husband were in possession. The land had belonged to said John O'Connor, and was conveyed by him, by mortgage dated July 23d, 1884, to Mrs. Mary Murray, to secure a debt of $2,528.90, evidenced by his note of that date, which was given for borrowed money. Mrs. Murray, who was the aunt of the complainant and her brothers, died in November, 1884; and her last will and testament was admitted to probate soon after her death, letters testamentary being granted to said Michael McHugh as executor. The executor sold the land, in August, 1887, under the power contained in the mortgage, James McHugh becoming the purchaser; and the action of ejectment to recover the possession

was instituted on the 8th October, 1887. The complainant claimed and alleged that Mrs. Murray, in October, 1884, gave her the mortgage and the debt thereby secured, transferring it verbally and by delivery of the papers, and that the defendants had notice of her rights at the time of the sale under the mortgage. The bill prayed, also, a decree declaring and establishing the complainant's rights as the equitable assignee of the mortgage, and removing the claim asserted by the defendants as a cloud on her title.

An injunction was granted on the filing of the bill, but it was dissolved on motion, after answer filed; and the decree dissolving it was affirmed by this court on appeal.—89 Ala. 531–33. The complainant afterwards amended her bill, making her husband a party, and making some changes in the allegations and prayer, as indicated by the opinion of this court; and these amendments were allowed by the court, against the objections of the defendants. The defendants denied in their answers that the mortgage was ever transferred or delivered by Mrs. Murray to the complainant, and alleged that Michael McHugh, the executor, had found it among the papers of the testatrix, and had always had possession of it; and this was the main defense. The court overruled a demurrer to the bill as amended, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and this decree is here assigned as error.

DAVID T. BLAKEY, for appellants, cited *Graham & Rodgers v. Newman*, 21 Ala. 497; 2 Jones on Mortgages, 87, §§ 85, 807; *Walker v. Crews*, 73 Ala. 412; *Jones v. Dreyer*, 16 Ala. 221.

A. A. WILEY, and WM. S. THORINGTON, *contra*, submitted an argument on the evidence, contending that it established a delivery of both the note and the mortgage by Mrs. Murray to the complainant.

STONE, C. J.—We have travelled with care through the mass of conflicting and unsatisfactory testimony found in this record, and we have encountered great difficulty in ascertaining facts we can feel safe in trusting and acting on. Making the most we can of the inextricable tangle, we have reached the conclusions, *first*, that during her life, Mrs. Murray delivered to complainant, Bridget O'Connor, the mortgage she held on John O'Connor, the latter's husband, with the intention of giving it to her; and, *second*, that she did not deliver the note to her. These ascertained facts fall short of a valid gift of the

[Semple v. Glenn.]

claim she held on the mortgaged land; and under several rulings of this court, we feel constrained to hold the attempted gift must fail for want of delivery.—*O'Connor v. McHugh*, 89 Ala. 531; *Center v. P. & M. Bank*, 22 Ala. 743; *Welsh v. Phillips*, 54 Ala. 309; *Prout v. Hoge*, 57 Ala. 28; *Dacus v. Streety*, 59 Ala. 183.

The general rule is, that there must be an actual delivery of the thing, to constitute a valid parol gift. The rule has some exceptions, dependent on the nature of the thing intended to be given. If it be so bulky as to be incapable of manual delivery, then pointing it out, and directing the donee to take possession of it, will amount to a valid gift. So, if the subject of the gift be under lock and key, delivery of the key, accompanied with words expressing a present intention to give, will satisfy the requirements of the law. But there must be a parting with the dominion, the control over the thing, or the attempted gift fails. Another exception found in the rulings is where one, intending to make a present, declares that he holds in trust for another. This, it is held, constitutes the donor a trustee of the thing, and dispenses with the actual delivery. But the law will not imply such trust. It must be expressed.—8 Amer. & Eng. Encyc. of Law, 1313 to 1320, and notes.

We regret the conclusion we have been forced to reach in this case, for we are satisfied it was the wish and intention of Mrs. Murray to make a gift of the claim and mortgage. Unfortunately she failed to consummate it by delivery.

Failing to find that the gift to Mrs. O'Connor was executed, we need not consider any other question.

The decree of the chancellor is reversed, and a decree here rendered, dismissing complainant's bill, which necessarily dissolves the injunction.

Reversed and rendered.