[Jones v. Smith & Co.]

# Jones *v.* Smith & Co.

*Bill in Equity by Creditors, to set aside Conveyances by Debtor as Fraudulent.*

1. *What creditors may come into equity, to set aside fraudulent conveyance.*—The statute which allows "a creditor without a lien" to file a bill in equity to reach and subject property fraudulently conveyed or transferred by his debtor (Code, § 3544), is not confined to the original creditor, with whom the debt was created but also embraces an assignee of the debt.

2. *Same; assignment of judgment.*—The debt having been reduced to judgment, an assignee of the judgment may maintain a bill in equity under the statute, although the assignment was not in writing.

3. *Same; parties to bill.*—One partner, having bought his co-partner's interest in a judgment recovered in the name of the partnership, may maintain a bill in equity in his own name alone, to reach and subject property fraudulently conveyed by the debtor, without joining either his assignor or the partnership as parties. If the transfer or ownership of the judgment is doubted or denied, the question may be raised by plea or answer.

4. *Same; issue and return of execution.*—The assignee of a judgment may maintain a bill in equity under the statute, as a creditor without a lien, without alleging the issue and return of an execution.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 1st day of July, 1889, by F. C. Smith, composing the firm of F. C. Smith & Co., against the appellees, Chas. G. Jones, his wife, L. I. Jones, and one Mrs. Roach; and sought to have two deeds, one from said C. G. Jones to his wife, and the other to Mrs. Roach, declared null and void, on the ground of fraud as to existing creditors.

The material facts, as shown by the bill of complaint, are, that in the years 1881, 1882 and 1883 the said Jones traded and did business with the firm of Daniel & Smith. Upon settlement of his account with said firm, it was ascertained that Jones was indebted to them in a large amount; and upon his refusal to pay the same they brought suit and recovered a judgment on May 15th, 1888, against the said Jones for the amount of his indebtedness to them. On April 4th, 1889, execution was issued upon this judgment, and on May 9th, 1889, was returned "no property found." On January 1st, 1883, said Jones executed a deed to his wife, L. I. Jones, for certain described property, upon the alleged consideration of $1109.85, which he recited in the deed was for money and

other property belonging to the statutory separate estate of his wife, and which he had used and had had the benefit of. On January 14th, 1886, the said Jones and his wife executed a deed to the said Mrs. Roach for certain described property upon the recited consideration of $1000. These deeds are made exhibits to the bill. The complainant also averred in his bill that on the 2d of May, 1883, said Daniels, of the firm of Daniels & Smith, transferred to the plaintiff all his right, title and interest in and to the claim of said firm against the said C. G. Jones, and that the said judgment is now the property of the complainant.

The prayer of the bill is, that these deeds to Mrs. Jones and Mrs. Roach be declared fraudulent as to the complainant because they were made to hinder, delay and defraud; and that the same be cancelled. The defendants demurred to the bill, and the grounds therefor are: that it is not shown by the bill that the complainant is such a creditor as to entitle him to the relief prayed; that it is not averred in the said bill that the judgment was assigned to him in writing; that it was shown that the execution was issued on said judgment before the transfer to the complainant; that no valid execution was issued; and that it is shown from the bill that Daniel & Smith are the proper parties to the bill. Upon submission of the bill on demurrer, the chancellor overruled the demurrer; and his decree in this behalf is here assigned as error.

J. C. RICHARDSON, for appellants, cited *Loomis v. Humphries*, 67 Ala. 437; *Cook v. Parham*, 63 Ala. 456; Code, §§ 2927, 2928, 3540, 3544.

STALLINGS & WILKINSON, *contra*, cited *Moorer v. Moorer*, 87 Ala. 545; *Mathews v. Ins. Co.*, 75 Ala. 85; *Zelnickner v. Brigham*, 74 Ala. 598; *Lehman v. Meyer*, 67 Ala. 396; *Smith v. Cockrell*, 66 Ala. 64; *Evans v. Welch*, 63 Ala. 250; Code, §§ 1735, 3544.

WALKER, J.—1. Conveyances, such as are attacked by the bill in this case, when made with intent to hinder, delay or defraud creditors, purchasers, or other persons of their lawful suits, &c., are by the statute declared to be void—Code of 1886, § 1735; and a creditor without a lien may file his bill in chancery to subject to the payment of his debt property which has been fraudulently conveyed.—*Id*. § 3544. The latter statute is intended to enlarge the former remedies in equity, and it should be liberally construed.—*Todd v. Neal*, 49 Ala. 275. We think that the evident purpose of this statute is to

provide a new remedy in favor of the class of persons who, by the terms of the statute first above cited, are to be protected against fraudulent conveyances; that the word creditor in section 3544 is not so confined in its meaning as to render the benefits of the statute available only to the person who originally extended the credit, or with whom the debtor contracted his obligation; but extends to one to whom the indebtedness is due at the time the statutory remedy may be invoked; that the right to file the bill is not personal to the original creditor, but may be enforced by his successors or assigns. *Warren v. Williams,* 52 Maine, 349; *Cook v. Ligon,* 54 Miss. 655; Wait on Fraud. Convey., § 92. The narrow construction contended for would necessarily tend to limit and restrict the assignability of debts. That such was not the purpose of the legislature may well be inferred from the fact that it is the policy of our law, as evidenced by statutes and the course of decisions, to facilitate the transfer of obligations with all the rights and remedies that were incident thereto in favor of the original obligee. The right of an assignee to file a bill to set aside a fraudulent conveyance has been recognized without question.—*Ruse v. Bromberg,* 88 Ala. 619.

2. The bill alleges that the debt was due to the firm of Daniel & Smith, a partnership composed of Joseph Daniel and complainant; that the judgment was rendered in favor of the partnership; that the partnership has been dissolved; that said Daniel has transferred all his right, title and interest in and to the said claim to complainant, and that said judgment is now the property of complainant. To entitle the complainant to proceed in equity it was not necessary for the bill to aver that the assignment was made in writing. A parol assignment was sufficient to entitle the complainant to file his bill in his own name.—*Moorer v. Moorer,* 87 Ala. 545; *Brahan v. Ragland,* 3 Stewart, 247; *Steele v. Thompson,* 62 Ala. 323; *O'Connor v. McHugh,* 89 Ala. 531; 6 Amer. & Eng. Encyc. of Law, 656–657.

3. As the bill alleges that the judgment is the property of the complainant and the only interest therein besides his own has been transferred to him, it was not necessary to make the partnership of Daniel & Smith, or Joseph Daniel, parties to the suit. The bill showed that they were without interest in the claim. If the transfer or ownership of the judgment is doubted or denied, this question may be raised by plea, or in the answer.—6 Amer. & Eng. Encyc. of Law, 752; 3 Brick. Dig. 368; *Broughton v. Mitchell,* 64 Ala. 210.

4. The bill being maintainable under section 3544 of the Code, it was unnecessary to allege that there had been an

[Dimmick v. Register.]

issue and return of execution on the subject.—*Lehman v. Meyer*, 67 Ala. 396; *Mathews v. Ins. Co.*, 75 Ala. 85.

Affirmed.

