## 193

Albert B. Emery
vs. } Eq.No.4140
David Miller

June 22, 1918

Barrows, J. Heard on bill, answer and oral testimony on issues of fact.

The bill seeks (1) to restrain respondent from foreclosing either a first or second mortgage; (2) to compel respondent to deliver to complainant possession of said second mortgage deed; (3) to declare that respondent holds the first mortgage in trust to secure a debt of $3500 from respondent to complainant.

We find nothing in the evidence or bill to warrant the third prayer for relief, nor we do we find any fraud perpetrated upon complainant at the time of the original sale.

When respondent sold the property to complainant, December 1, 1915, it was subject to a mortgage for $4000 to the citizen's Savings Bank. This mortgage complainant assumed. In addition he gave to respondent a second mortgage for $4000. Respondent agreed to protect complainant against a calling in of the principal of said first mortgage for five years, unless the same should be called in by reason of some act or default on the part of complainant. There was a somewhat similar arrangement in regard to the second mortgage, except that $150 was to be paid every six months until 1920 on account of the principal.

On December 30, 1915, complainant lent respondent $3500 for six months (Exhibit J). As collateral security respondent pledged the above mentioned second mortgage note to be held by complainant until repayment of said loan. We do not

accept respondent's version that payment of the $3500 was to be deferred for five years and be taken care of by the payments on the second mortgage note. We believe the transaction relating to the $3500 was entirely separate from the mortgage deed

194

and that the only action was the pledge of the mortgage note for $4000 as curity for the loan of $3500.

On October 4, 1916, respondent purchased the first mortgage. The default alleged as the basis for foreclosing the first mortgage is non-payment of the tax when due in October, 1916. Such non-payment is admitted. Complainant alleges, however, that respondent accepted interest on April 8, 1917, for six months in advance, but the testimony shows that respondent did not then know that the tax was unpaid. Acceptance of interest, therefore, was not a waiver of the breach.

Bergman vs. Fortesque, 74 N. J. Eq. 266.

The tax remained unpaid until June 6, 1917. June 7, 1917, had been advertised as the day for the sale by the City of Providence for unpaid taxes. Respondent, without request from complainant, paid the tax on June 6, at about 4:50 p. m. Complainant went to the City Hall for the purpose of paying said tax on June 6th, shortly after respondent had paid it. He learned at the Treasurer's office that the respondent had paid the tax but he made no offer to reimburse respondent in his original bill or otherwise. His offer to reimburse respondent first appears in the amended bill of July 16, 1917, which we are now hearing. This was after respondent had advertised a foreclosure sale.

Equity does not favor forfeiture. Although technically there was a default by non-payment of the tax when due, in view of complainant's offer to make the same good, which

offer has been performed by the payment of the money into court on July 17, 1917, pursuant to an interlocutory decree, it does not seem just to permit respondent to enforce payment of the principal of the mortgage deed by foreclosure when the agreement between the parties provides for a delay of five years in the payment of said principal.

Foreclosure proceedings can be stopped by tender of the amount overdue for taxes, unless the mortgage contains a provision that the whole mortgage indebtedness is due upon breach of any condition.

Jones on Mortgages, 7th ed., Sec. 1186 a.

Silva vs. Turner, 165 Mass. 407.

Complainant, however, should also reimburse respondent for the expense of advertising said foreclosure sale under the first mortgage. Complainant's equity appeals more strongly to the Court because respondent testified that the real reason for foreclosure proceeding was that complainant had started suit at law to recover for the $3500 loan.

195

As to the second mortgage, it is well settled that the assignee of a mortgage note acquires a beneficial interest in the mortgage security.

Jones on Mortgages, 7th ed., Sec. 834, Sec. 1377.

Prout vs. Hoge, 57 Ala. 28.

Hobson vs. Aetna Axle & Spring Co., 50 Conn. 597.

Stone vs. Locke, 46 Maine, 445.

While complainant is not the assignee of the note, as pledgee he occupies a similar position and it seems to us that he holds possession of the note under circumstances which should prevent respondent from attempting to foreclose the mortgage secured by said note. Since, however, the note was merely pledged as security, we are doubtful of complainant's right to call for actual possession of the mortgage deed until it becomes necessary to enforce his

pledge. He has a right to the same if it becomes necessary to apply the pledged note on the $3500 debt. The bill does not make such a claim. Respondent should be placed in a position where he cannot use or transfer the mortgage to the detriment of complainant's pledge so long as the $3500 loan is outstanding. This will be accomplished if respondent is restrained from foreclosing or transferring the second mortgage without redeeming his pledge of the note.

Decree may be entered accordingly.

For Complainant: P. S. Knauer and J. F. Collins.

For Respondent: P. C. oJslin.